PRESENT:  All the Justices

PHILLIP JEROME MURPHY

v.  Record No. 020771   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                November 1, 2002
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA


In this appeal, we consider whether the Court of Appeals erred in affirming a defendant's convictions on the ground that evidence seized from his person was obtained after a lawful "pat down" search conducted incident to the execution of a search warrant at another person's residence.

Phillip J. Murphy was indicted for possession of heroin with intent to distribute, second or subsequent offense, and for possession of cocaine with intent to distribute, second offense, in violation of Code § 18.2-248(C).  The controlled substances were found on Murphy's person when he was in a residence that was searched pursuant to a search warrant executed by officers of the City of Franklin Police Department.  Murphy was convicted of the offenses in the Circuit Court of Southampton County.  The court sentenced Murphy for the heroin conviction to a term of 20 years' imprisonment, with 16 years suspended, and for the cocaine conviction to a term of ten years' imprisonment, with six years suspended.

Murphy appealed his convictions to the Court of Appeals, which affirmed the trial court's judgment. Murphy v. Commonwealth, 37 Va. App. 556, 574, 559 S.E.2d 890, 898 (2002). The Court of Appeals held that Murphy "was lawfully detained and frisked and that the subsequent seizure of contraband was also lawful." Id. at 562, 559 S.E.2d at 892. Murphy appealed the Court of Appeals' judgment.

Under established principles of appellate review, we will state the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence. Armstrong v. Commonwealth, 263 Va. 573, 576, 562 S.E.2d 139, 140 (2002); Stephens v. Commonwealth, 263 Va. 58, 59-60, 557 S.E.2d 227, 228 (2002).

In September 1999, the police obtained a search warrant for a residence at 410 Hall Street in the City of Franklin. The search warrant authorized the police to search "the entire residence" for "marijuana, cocaine, cocaine base, heroin, scales, ledgers, logs, money, guns, phone bills, syringes and any other item that would be connected with the illegal sale and/or use of any other illegal narcotic or non-prescription drug." The warrant also authorized the officers to search a person named Eric Smith but did not authorize a search of any other individuals present in the house.

In executing the warrant, the officers entered the residence where they found four men, including Murphy and Smith. Officer Richard Harvey, a member of the "entry team," observed Murphy sitting on a couch in the living room, and ordered him to lie down facing the floor and to "put his hands out." After placing handcuffs on Murphy, Harvey frisked him for weapons.

Harvey felt a bulge in the left front pocket of Murphy's pants, and sensed that the object was a "plastic baggy." Based on his training and experience, Harvey concluded that the bag contained marijuana. He retrieved the bag from Murphy's pocket and determined that it appeared to contain marijuana. Harvey placed Murphy under arrest for possession of marijuana.

When asked to identify himself after his arrest, Murphy mumbled "Phillip" in a muffled voice "as if he had [his] mouth full of something." The police ordered Murphy to release the objects concealed in his mouth, and Murphy ultimately spat out a folded one dollar bill, seven "blue envelope-type packages" containing a total of 0.308 grams of heroin, and ten "rocks" of crack cocaine weighing a total of 8.02 grams.

Before trial, Murphy filed a motion to suppress the seized evidence and argued, among other things, that the seizure of the plastic bag was unlawful because it was not a weapon and the "pat down" search did not disclose "anything that came close to appearing to be a weapon." During a hearing on the motion,

3

Officer Harvey testified that after he felt the bulge in Murphy's pocket, he knew that the object in Murphy's pocket was "a plastic baggy," and that from his training and experience he knew that such bags commonly are used to package marijuana. Based on these facts, Harvey concluded that the bag contained marijuana. The trial court denied Murphy's suppression motion.

At trial, Officer Harvey gave additional testimony concerning his "pat down" search of Murphy, stating that:

> I felt a bulge of plastic, . . . which is the way I commonly knew marijuana to be packaged. I could hear the plastic rattle as the pat-down had taken place and feeling the item through the pants I recognized it to be the way marijuana was packaged.

At the conclusion of the evidence, Murphy renewed his motion to suppress, which the trial court denied. The court found Murphy guilty of both offenses, and Murphy appealed the trial court's judgment.

In the Court of Appeals, Murphy advanced various arguments, including the contention that even if the "pat down" search was lawful, Officer Harvey "exceeded the scope of a weapons frisk by seizing an object that was clearly not a weapon." Murphy, 37 Va. App. at 562, 559 S.E.2d at 892. The Court of Appeals affirmed Murphy's convictions holding, in relevant part, that Officer Harvey's seizure of the marijuana was lawful because he identified the plastic bag "when he first felt it" and he concluded, based on his training and experience, that the bag

4

contained marijuana. Id. at 572-73, 559 S.E.2d at 897. The Court also concluded that the seizure of the contraband concealed in Murphy's mouth was lawful because the contraband was obtained during "a full search incident to a lawful custodial arrest." Id. at 574 n.7, 559 S.E.2d at 898 n.7.

On appeal to this Court, Murphy argues, among other things, that Officer Harvey did not have probable cause to remove the plastic bag from his pants pocket because the character of the bag's content as contraband was not "immediately apparent" from the frisk. Murphy asserts that Harvey merely felt the presence of a "plastic baggy" and knew that marijuana is often packaged in plastic bags. Thus, Murphy contends that the seizure of the marijuana did not provide a lawful basis for the police to seize the controlled substances concealed in his mouth.

In response, the Commonwealth argues that Officer Harvey lawfully seized the plastic bag containing marijuana from Murphy's pocket under the "plain feel doctrine" articulated in Minnesota v. Dickerson, 508 U.S. 366 (1993). The Commonwealth asserts that, based on Harvey's training and experience, he concluded that the object in Murphy's pocket was marijuana, and that this conclusion was supported by the search warrant, which had established probable cause to believe that marijuana was present on the premises. The Commonwealth further contends that the heroin and cocaine obtained from Murphy's mouth were seized

incident to the lawful arrest for possession of marijuana.  We disagree with the Commonwealth's arguments.

In determining the issue presented, we apply an established standard of review.  A defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review de novo on appeal. Bolden v. Commonwealth, 263 Va. 465, 470, 561 S.E.2d 701, 704 (2002); McCain v. Commonwealth, 261 Va. 483, 489, 545 S.E.2d 541, 545 (2001); see also Ornelas v. United States, 517 U.S. 690, 691, 699 (1996).  In making such a determination, we give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment. Bolden, 263 Va. at 470, 561 S.E.2d at 704; McCain, 261 Va. at 490, 545 S.E.2d at 545; Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000).  The defendant has the burden to show that the trial court's denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error.  Bolden, 263 Va. at 470, 561 S.E.2d at 704; McCain, 261 Va. at 490, 545 S.E.2d at 545; Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

In Terry v. Ohio, 392 U.S. 1, 22 (1968), the Supreme Court recognized that under appropriate circumstances, a police

officer may detain a person in order to investigate what is possibly criminal behavior, even though the officer lacks probable cause to make an arrest.  However, to justify such a detention, the officer must be able to identify "specific and articulable facts which, taken together with rational inferences from those facts," create a reasonable suspicion of criminal activity.  Id. at 21.

During an investigative stop authorized under Terry, an officer may conduct a limited search for concealed weapons if the officer reasonably believes that a criminal suspect may be armed and dangerous.  Florida v. J.L., 529 U.S. 266, 269-70 (2000); Adams v. Williams, 407 U.S. 143, 146 (1972); Harris v. Commonwealth, 241 Va. 146, 150, 400 S.E.2d 191, 193-94 (1991); Jones v. Commonwealth, 230 Va. 14, 19, 334 S.E.2d 536, 539-40 (1985).  The purpose of this "pat down" search is not to uncover evidence of criminal activity, but to permit the officer to conduct his investigation without encountering a violent response.  Adams, 407 U.S. at 146; see Maryland v. Buie, 494 U.S. 325, 336 (1990); Michigan v. Long, 463 U.S. 1032, 1050 (1983).

In Minnesota v. Dickerson, the Supreme Court discussed the seizure of contraband detected by sense of touch during such a "pat down" search.  The Court stated that

> [i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

Id. at 375-76. However, when the character of the item is not immediately apparent from the "pat down" search, and the officer does not reasonably suspect that the item is a weapon, further search regarding the item is not allowed because such an evidentiary search is unrelated to the justification for the frisk. See id. at 378; Lovelace v. Commonwealth, 258 Va. 588, 596-97, 522 S.E.2d 856, 860 (1999); Harris, 241 Va. at 151-52, 400 S.E.2d at 194-95.

In the present case, we will assume, without deciding, that the execution of the search warrant for the premises permitted Officer Harvey to conduct a "pat down" search of Murphy to determine whether he carried a concealed weapon. Nevertheless, we conclude that Harvey's actions exceeded the permissible scope of that limited search. Harvey did not testify that he sensed from touching Murphy's pocket that the item held there was a weapon, nor did he state that the character of the object as marijuana was immediately apparent to him from the "pat down" search.

8

Instead, Harvey's testimony established only that the character of the object as a plastic bag was immediately apparent from the "pat down" search, and that he knew from his training and experience that plastic bags often are used to package marijuana.  This information was insufficient under the holding in Dickerson to establish probable cause to search Murphy's pocket because Harvey's conclusion that the bag contained marijuana was not based on his tactile perception of the bag's contents.  Rather, his sense of touch revealed only that there was a plastic bag in Murphy's pocket.  Thus, Officer Harvey lacked probable cause to seize the item from Murphy's pocket because the character of the bag's contents as contraband was not immediately apparent from the frisk.  See Dickerson, 508 U.S. at 378-79; Lovelace, 258 Va. at 597, 522 S.E.2d at 860; Harris, 241 Va. at 151-52, 400 S.E.2d at 194-95.

Our conclusion that Officer Harvey did not have probable cause to seize the marijuana is not altered by the fact that Murphy was present in a residence that was the subject of a search warrant for illegal drugs.  The record contains no evidence linking him to the suspected presence of those drugs.  Therefore, we hold that the trial court erred in denying Murphy's motion to suppress evidence of the controlled substances because those items were seized after Murphy was arrested illegally based on the search of his pocket without

probable cause. See Segura v. United States, 468 U.S. 796, 804 (1984); Bolden, 263 Va. at 473, 561 S.E.2d at 705; Reittinger v. Commonwealth, 260 Va. 232, 237, 532 S.E.2d 25, 28 (2000).

We will reverse the judgment of the Court of Appeals, vacate Murphy's convictions, and remand the case to the Court of Appeals with direction to remand the matter to the trial court for further proceedings, if the Commonwealth be so advised.

Reversed and remanded.