COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


DAQUAN CHARLES McCLAM, A/K/A
 CREVANTE DURAN BEASLEY, S/K/A
 DEQUAN CHARLES McCLAM
                                            MEMORANDUM OPINION* BY
v.        Record No. 3349-02-2               JUDGE LARRY G. ELDER
                                                  MAY 4, 2004
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Thomas N. Nance, Judge

             S. Jane Chittom, Appellate Defender (Public Defender Commission,
             on brief), for appellant.

             Richard B. Smith, Senior Assistant Attorney General (Jerry W.
             Kilgore, Attorney General, on brief), for appellee.


        DaQuan Charles McClam (appellant), also known as Crevante Duran Beasley, appeals

from his bench trial conviction for possession of cocaine with intent to distribute in violation of

Code § 18.2-248.  On appeal, he contends the arresting officer lacked probable cause to believe

he was trespassing and, thus, that the search of his person incident to his arrest for trespass was

invalid.[1]  We hold probable cause supported an arrest for trespassing and, under the procedural

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant concedes he did not present to the trial court the issue of whether the officer
had authority to effect a full custodial arrest for trespass, a misdemeanor offense, or whether the
officer should instead have released appellant on a summons.  Thus, on appeal, we consider only
the issue presented to the trial court--whether the officer had probable cause to arrest for trespass.
We assume without deciding, for purposes of this appeal only, that if probable cause to arrest for
trespass existed, the search was constitutional.

posture of this case, that the trial court's denial of the motion to suppress did not constitute reversible error. Thus, we affirm appellant's conviction.

An appellant's claim that evidence was seized in violation of the Fourth Amendment "presents a mixed question of law and fact that we review *de novo* on appeal. In making such a determination, we give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained [violated] the Fourth Amendment." Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002) (citations omitted); see also Ornelas v. United States, 517 U.S. 690, 691, 699, 116 S. Ct. 1657, 1659, 1663, 134 L. Ed. 2d 911 (1996). An appellant has the burden to show that, when the evidence is considered in the light most favorable to the Commonwealth, the trial court's denial of his motion to suppress constituted reversible error. Murphy, 264 Va. at 573, 570 S.E.2d at 838.

Code § 18.2-119 provides in relevant part as follows:

> If any person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, . . . after having been forbidden to do so by a sign or signs posted by [the owner, lessee, custodian or other person lawfully in charge thereof] . . . at a place or places where [the sign or signs] may be reasonably seen . . . , he shall be guilty of [trespass in violation of this code section,] a Class 1 misdemeanor.

Trespass is a willful act requiring criminal intent. Reed v. Commonwealth, 6 Va. App. 65, 70-71, 366 S.E.2d 274, 278 (1988). A defendant who pleads and proves, to the satisfaction of the trier of fact, a *bona fide* claim of right as an affirmative defense may not be convicted of trespass. Id. at 70-71, 366 S.E.2d at 277-78. "[A] *bona fide* claim of right is a sincere, although perhaps mistaken, good faith belief that one has some legal right to be on the property. The claim need not be one of title or ownership, but it must rise to the level of authorization." Id. at 71, 366 S.E.2d at 278.

Evidence sufficient to provide probable cause to arrest for a crime such as trespass need not be evidence sufficient to convict for that offense.  Slayton v. Commonwealth, 41 Va. App. 101, 107, 582 S.E.2d 448, 451 (2003).

> The legal standard of probable cause, as the term suggests, relates to probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons.  The presence or absence of probable cause is not to be examined from the perspective of a legal technician.  Rather, probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.

Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981).  "'The substance of all the definitions of probable cause is a reasonable ground for the belief of guilt.  And this means less than evidence which would justify condemnation or conviction.'"  Slayton, 41 Va. App. at 107, 582 S.E.2d at 451 (quoting Brinegar v. United States, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310, 93 L. Ed. 2d 1879 (1949) (citations and internal quotation marks omitted)).

Here, Richmond Police Officer Brian Hixson was personally aware of the numerous "No Trespassing" signs posted conspicuously at the entrances to the Ruffin Road Apartment Complex and on all apartment buildings.  Also, Hixson was operating with the authority of the management of the apartments to enforce that "No Trespassing" policy.  When Hixson questioned appellant about his presence in the apartment complex's parking lot with Demetries Morgan on October 17, 2000, Hixson had in his possession a list of lessees generated by management that same date and given to him no more than one hour earlier.  Appellant indicated he personally did not live in the complex and was visiting Morgan.  However, appellant knew only Morgan's nickname.  Further, Morgan's name did not appear on Hixson's list of lessees, and appellant was not then accompanied by a person who was a lessee.  Those facts provided Hixson with probable cause to arrest appellant for trespassing.  Compare Jones v.

Commonwealth, 18 Va. App. 229, 232-34, 443 S.E.2d 189, 191-92 (1994) (holding officer lacked probable cause to arrest for trespassing where policy included ban for particular people but permitted residents "to have visitors and guests on the property" and officer, who did not know defendant, failed to inquire whether defendant was guest of resident who was standing with defendant on complex property immediately before defendant fled from police).

Appellant contends Hixson's knowledge that Morgan resided in a particular apartment with a named leaseholder deprived Hixson of probable cause for his arrest. We disagree. The record established that someone reported Morgan resided in apartment 2205A with Patricia Thomas and that another officer went to that apartment and spoke with a woman who identified herself as Patricia Thomas and also claimed that Morgan resided there with her. These representations, if believed by the fact finder at trial, may have provided appellant with a defense to a charge of trespass. Reed, 6 Va. App. at 70-71, 366 S.E.2d at 277-78. However, these representations were not binding on Officer Hixson and did not defeat Hixson's conclusion that he had probable cause to arrest.

For these reasons, we hold probable cause supported an arrest for trespassing and, under the procedural posture of this case, that the trial court's denial of the motion to suppress did not constitute reversible error. Thus, we affirm appellant's conviction.

Affirmed.