COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Elder and Beales
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3062-07-1                                          JUDGE LARRY G. ELDER
                                                          MAY 13, 2008

RONNIE LAVON WILLIAMS


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

Josephine F. Whalen, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellant.

Melinda R. Glaubke (Slipow, Robusto & Kellam, P.C., on brief), for
appellee.


Ronnie Lavon Williams (defendant) stands indicted for two offenses involving the illegal

possession of cocaine. Pursuant to Code § 19.2-398, the Commonwealth appeals a pretrial ruling

granting defendant's motion to suppress all evidence resulting from the search of his person that

yielded the cocaine. The trial court concluded the police lacked probable cause to arrest

defendant and, thus, that the search of his person incident to arrest violated the Fourth

Amendment. Because the record on appeal supports the court's ruling suppressing the evidence,

we affirm the ruling and remand for further proceedings consistent with this opinion.

Examining a trial court's ruling on a motion to suppress evidence allegedly seized in

violation of the Fourth Amendment "presents a mixed question of law and fact that we review *de*

*novo* on appeal. In making such a determination, we give deference to the factual findings of the

trial court and independently determine whether the manner in which the evidence was obtained

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[violated] the Fourth Amendment." Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002) (citations omitted); see also Ornelas v. United States, 517 U.S. 690, 691, 699, 116 S. Ct. 1657, 1659, 1663, 134 L. Ed. 2d 911 (1996). The trial court is not required to make explicit findings of fact, and when it does not make such findings, we view the evidence in the light most favorable to the prevailing party, here the defendant, granting to the evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). On appeal of a ruling granting a defendant's motion to suppress, the Commonwealth has the burden to show that the trial court's ruling constituted reversible error. Cf. Murphy, 264 Va. at 573, 570 S.E.2d at 838 (applying converse standard to trial court's ruling *denying* motion to suppress).

Subject to a few specifically established exceptions, "searches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment." Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576, 585 (1967). One of the established exceptions to the Fourth Amendment's warrant requirement is for a "search incident to a lawful arrest." United States v. Robinson, 414 U.S. 218, 224-26, 94 S. Ct. 467, 471-73, 38 L. Ed. 2d 427, 434-36 (1973). "[T]he test of constitutional validity [of a warrantless arrest] is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970). "Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed" *by the person arrested*. Brinegar v. United States, 338 U.S. 160, 175-76, 69 S. Ct. 1302, 1310-11, 93 L. Ed. 1879 (1949) (citation omitted). Probable cause

to arrest must exist exclusive of the incident search.  Wright v. Commonwealth, 222 Va. 188,

278 S.E.2d 849 (1981).

We hold the trial court's reliance on the decision in Sibron v. New York, 392 U.S. 40, 88

S. Ct. 1889, 20 L. Ed. 2d 917 (1968), supports its ruling granting the motion to suppress.  In

Sibron, the Supreme Court ruled as follows:

> Patrolman Martin accosted [Sibron] in [a] restaurant, took him
> outside and searched him.  The officer was not acquainted with
> Sibron and had no information concerning him.  He merely saw
> Sibron talking to a number of known narcotics addicts over a
> period of eight hours.  It must be emphasized that Patrolman
> Martin was completely ignorant regarding the content of these
> conversations, and that he saw nothing pass between Sibron and
> the addicts.  So far as he knew, they might indeed "have been
> talking about the World Series," [as the trial judge had originally
> hypothesized of Sibron and the addicts].  The inference that
> persons who talk to narcotics addicts are engaged in the criminal
> traffic in narcotics is simply not the sort of reasonable inference
> required to support an intrusion by the police upon an individual's
> personal security.  Nothing resembling probable cause existed until
> after the search had turned up the [drugs in Sibron's pocket].

Id. at 62-63, 88 S. Ct. at 1902, 20 L. Ed. 2d at 934.  "Thus," concluded the Court, "the search [of

Sibron] [could not] be justified as incident to a lawful arrest."  Id. at 63, 88 S. Ct. at 1903, 20

L. Ed. 2d at 935.

Similarly here, the detectives knew nothing about defendant when he approached their

target in a public parking lot immediately adjacent to a restaurant that was open for business.  If

the trial court fully credited the detectives' testimony, which it may or may not have done,[1] the

detectives had probable cause to believe one of the occupants of the black Lexus would be

---

[1] When the trial court recounted the detectives' testimony about information they had
obtained when an informant had earlier made a drug purchase while wearing a hidden audio
transmitter, it observed as follows:

> [E]ven though there may be some suspicion or maybe even one
> could surmise that the driver and/or occupants of the black Lexus
> were pulling into the parking lot at [the restaurant] . . . to get

meeting with his drug "source" sometime that evening in order to obtain more cocaine. However, the detectives had insufficient knowledge to provide them with probable cause to believe defendant was that source. The detectives lacked any specific information concerning who the drug source was, what he or she looked like, where the supplier in the black Lexus would meet him or her, and when the meeting would take place, other than "later" that night.

Further, the record contains no evidence that the detectives observed anything other than innocent behavior after the black Lexus pulled into the parking lot. One of the occupants of the black Lexus entered the restaurant, and the remaining two stood on the sidewalk while one smoked a cigarette. When defendant approached the driver of the black Lexus as he stood on the sidewalk, the two shook hands and engaged in conversation.[2] The detectives overheard none of the conversation, which the trial court theorized could have involved a request for directions or the greeting of a neighbor, and the detectives did not observe the two men exchange money for drugs or engage in any sort of hand-to-hand transaction. As in Sibron, "So far as [the detectives] knew, [defendant and the driver of the black Lexus] might indeed 'have been talking about the World Series.'" Id. at 62, 88 S. Ct. at 1902, 20 L. Ed. 2d at 934. Although one of the detectives then saw defendant walk to the driver's door of the adjacent green Lexus and lean inside momentarily, he did not see what defendant did inside the car and did not observe him remove

> resupplied, the issue then is whether or not it would be reasonable to assume that [defendant] could, therefore, be predicted to be the supposed resupplier, *if there was indeed a resupplier*.

(Emphasis added).

[2] Detective Recupero testified that, at approximately the same time, the passenger standing on the sidewalk moved away from the two and closer to the outside corner of the restaurant. The Commonwealth attempted to elicit testimony from the detective that the passenger was acting "[l]ike a lookout or something," but defendant objected and the court sustained the objection.

- 4 -

anything from the car. The detectives then arrested defendant immediately after he exited the car without having a chance to see what he would do next.

Although the officers may rightly have been suspicious about the reason for defendant's presence and his leaning into the green Lexus,[3] those suspicions fell far short of the probable cause necessary to support defendant's arrest.[4] Like in Sibron, "Nothing resembling probable cause existed until after the search had turned up [drugs]," and "[i]t is axiomatic that an incident search may not precede an arrest and serve as part of its justification." Id. at 62-63, 88 S. Ct. at 1902, 20 L. Ed. 2d at 934; cf. McCain v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (Apr. 18, 2008) (holding McCain's "brief presence at a house the officer associated with drug activity months prior does not support a reasonable inference of criminal activity" rising to the level of reasonable suspicion where the officer did not have any evidence of the purpose of the visit or observe any suspicious behavior during the visit).

_____

[3] The trial court was not required to credit any of the testimony of the detectives and could, without so stating on the record, have rejected their testimony that defendant, after greeting the driver of the black Lexus, went to the green Lexus, leaned into it with his hands in a position below the dash so that the officers could not see them, and then withdrew from the green Lexus and closed its door immediately prior to the takedown. In ruling on the motion, the trial court did not comment on this portion of the Commonwealth's argument, stating, "[Defendant] simply approached that black Lexus and struck up a conversation with the occupants thereof." As set out in the text, we are required, on appeal of the granting of the motion to suppress, to view the evidence and all inferences in the light most favorable to defendant.

[4] The Commonwealth did not argue that defendant's detention was anything other than an arrest and, thus, the trial court was not called upon to determine whether the police, even though they lacked probable cause to arrest defendant, may have had a constitutionally permissible basis for detaining and frisking him while arresting the occupants of the black Lexus. The Commonwealth also has not advanced such an argument on appeal, conceding that the only issue before us is whether the detectives had probable cause to arrest defendant.

For these reasons, we hold the evidence supports the trial court's ruling that the detectives lacked probable cause to arrest defendant.  Thus, we affirm the ruling suppressing the challenged evidence and remand for further proceedings consistent with this opinion.

Affirmed and remanded.
