COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


WALTER D. BOOKER, JR.

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0956-07-1              JUDGE LARRY G. ELDER
                                                  JULY 1, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          James C. Hawks, Judge

            S. Jane Chittom, Appellate Defender (Office of the Appellate
            Defender, on briefs), for appellant.

            Robert H. Anderson, III, Senior Assistant Attorney General
            (Robert F. McDonnell, Attorney General; Office of the Attorney
            General, on brief), for appellee.


        Walter D. Booker, Jr. (appellant), appeals from his convictions for possessing cocaine

and heroin with an intent to distribute, entered on his conditional guilty pleas. On appeal, he

contends the trial court erroneously denied his motion to suppress the fruits of a seizure and

search of his car following his arrest pursuant to an outstanding warrant. We hold the evidence,

viewed in the light most favorable to the Commonwealth, supports the trial court's ruling. Thus,

we affirm the challenged convictions.

        Examining a trial court's ruling on a motion to suppress evidence allegedly seized in

violation of the Fourth Amendment "presents a mixed question of law and fact that we review

*de novo* on appeal. In making such a determination, we give deference to the factual findings of

the trial court and independently determine whether the manner in which the evidence was

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

obtained [violated] the Fourth Amendment." Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002) (citations omitted); see also Ornelas v. United States, 517 U.S. 690, 691, 699, 116 S. Ct. 1657, 1659, 1663, 134 L. Ed. 2d 911, 916, 920 (1996). The court is not required to make explicit findings of fact to support its ruling, and when it does not make such findings, we view the evidence in the light most favorable to the prevailing party, granting to the evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). On appeal of a ruling denying a motion to suppress, the defendant has the burden to show that the trial court's ruling constituted reversible error. Murphy, 264 Va. at 573, 570 S.E.2d at 838.

Appellant contends the only constitutional basis for the search of the white Mitsubishi would have been under the theory of Thornton v. United States, 541 U.S. 615, 124 S. Ct. 2127, 158 L. Ed. 2d 905 (2004), which permits the search of the passenger compartment of a car when an occupant or "recent occupant" of the car is arrested. Appellant contends that because the evidence failed to prove he was a recent occupant of the vehicle, the search was unreasonable. He also argues that the presence of the marijuana on the passenger's seat of the car gave the police probable cause, at most, to seize the marijuana but not to search or impound the vehicle. Because we hold the evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's conclusion that the officers had probable cause to search the white Mitsubishi Diamante and were constitutionally authorized to do so without obtaining a search warrant or making any further showing of exigent circumstances, we affirm the denial of the motion to suppress. Because we hold probable cause justified the search, we need not consider

whether the search would have been justified as incident to arrest under the theory that appellant was a sufficiently recent occupant of the car to invoke Thornton.[1]

Although the Fourth Amendment generally requires that "searches be conducted pursuant to a warrant issued by an independent judicial officer," one of the specifically established and well-delineated exceptions to this requirement is the so-called "automobile exception." California v. Carney, 471 U.S. 386, 390, 105 S. Ct. 2066, 2068, 85 L. Ed. 2d 406, 412 (1985); see also California v. Acevedo, 500 U.S. 565, 580, 111 S. Ct. 1982, 1991, 114 L. Ed. 2d 619, 634 (1991). Under this exception, "a warrantless search of an automobile, based upon probable cause to believe that the vehicle contained evidence of crime in the light of an exigency arising out of the likely disappearance of the vehicle, [does] not contravene the Warrant Clause of the Fourth Amendment." Acevedo, 500 U.S. at 569, 111 S. Ct. at 1986, 114 L. E. 2d at 627 (citing Carroll v. United States, 267 U.S. 132, 158-59, 45 S. Ct. 280, 287, 69 L. Ed. 543, 554 (1925)).

The capacity of an automobile to be quickly moved "'creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible.'" Carney, 471 U.S. at 391, 105 S. Ct. at 2069, 85 L. Ed. 2d at 413 (quoting South Dakota v. Opperman, 428 U.S. 364, 367, 96 S. Ct. 3092, 3096, 49 L. Ed. 2d 1000, 1004 (1976)). Thus, as the Supreme Court recently emphasized, a vehicle search may be conducted if it is based upon "'facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained*.'" Maryland v. Dyson, 527 U.S. 465, 467, 119 S. Ct. 2013, 2014, 144 L. Ed. 2d 442, 445 (1999) (per curiam) (quoting United States v. Ross, 456 U.S. 798, 809, 102 S. Ct. 2157, 2164-65, 72 L. Ed. 2d 572, 584 (1982)) (emphasis added in Dyson). "[T]he

---

[1] The Commonwealth contends appellant failed to preserve for appeal his argument that Thornton does not apply to legitimize the search. Because we hold the search was proper under the automobile exception to the warrant clause based on the existence of probable cause to believe the car contained contraband, we also need not consider whether the Thornton argument was preserved.

automobile exception has no separate exigency requirement." Id. at 466, 119 S. Ct. at 2014, 144 L. Ed. 2d at 445. "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S. Ct. 2485, 2487, 135 L. Ed. 2d 1031, 1036 (1996), quoted with approval in Dyson, 527 U.S. at 467, 119 S. Ct. at 2014, 144 L. Ed. 2d at 445. Further, under such circumstances, officers "may conduct a search of the vehicle that is as thorough as a magistrate could authorize in a warrant 'particularly describing the place to be searched.'" Ross, 456 U.S. at 800, 102 S. Ct. at 2160, 72 L. Ed. 2d at 578. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." Id. at 825, 102 S. Ct. at 2173, 72 L. Ed. 2d at 594.

Probable cause, "as the very name implies, deals with probabilities." Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991). It exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" in the place to be searched. Ornelas, 517 U.S. at 696, 116 S. Ct. at 1661, 134 L. Ed. 2d at 918.

Here, Detective Grover's actions in searching the car were supported by probable cause developed in part pursuant to the plain view exception to the warrant requirement. See, e.g., Arnold v. Commonwealth, 17 Va. App. 313, 318, 437 S.E.2d 235, 238 (1993) (recognizing that the plain view doctrine permits an officer to seize an object when he is lawfully in a position to "perceive" the object and has probable cause to believe it is contraband). The evidence, viewed in the light most favorable to the Commonwealth, established that while Detective Grover stood outside the car, which was parked on a public street, he illuminated the interior with his flashlight, see Texas v. Brown, 460 U.S. 730, 739-40, 103 S. Ct. 1535, 1542, 75 L. Ed. 2d 502,

- 4 -

512 (1983) (holding the use of a flashlight does not constitute a search), and saw marijuana seeds and a strip of green, leafy marijuana on the car's front passenger seat. Detective Grover testified that, pursuant to his training and extensive professional experience with marijuana, he immediately recognized the items as contraband. Detective Grover also knew at that time that appellant drove the white Mitsubishi with some regularity, had likely just driven it to the house where he was arrested, and referred to the car as "my car" when he responded to Detective Grover's statement that Grover could see marijuana inside the car. Further, when appellant had arisen from his seat on the porch immediately prior to his arrest, the officers saw a set of keys "sitting right where" appellant had been sitting. Appellant told his two companions, both of whom were sitting "within arm's reach" of the keys, "[O]ne of you grab my keys." After Officer Johnson and Detective Smith handcuffed appellant and began walking appellant toward Smith's vehicle, Officer Johnson returned to the porch to retrieve the keys, but they were gone, and appellant's two companions denied taking the keys or having seen them on the porch. Finally, Detective Grover knew that, at the time of appellant's arrest, he had on his person 51 rocks of crack cocaine, 17 capsules of heroin, and over $1000 in U.S. currency. This evidence, taken as a whole, provided Detective Grover with probable cause to believe appellant and his companions did not want the police to gain access to the white Mitsubishi and that it contained drugs or evidence of distribution in addition to the marijuana residue seen in plain view on the car seat.

Because the police had probable cause to believe appellant's car was readily mobile and that one of the other two men at the scene of appellant's arrest had the keys, the "exigent circumstances" prong of the automobile exception was satisfied, regardless of whether the police had time to obtain a search warrant before conducting the search.

Further, the detectives' decision to have the vehicle towed to the impound lot before they conducted their thorough search did not render the search unreasonable under the circumstances.

- 5 -

The arrest occurred after dark, and Detective Grover testified that "the individuals out there [where the arrest took place] are quite hostile to the police." In addition, Detective Grover testified he had "been through numerous schools" providing "train[ing] in hidden compartments and other devices used to conceal narcotics in vehicles," and that his training instructed "you have to . . . be able to get down under the car and even raise the car to get up under the dash and in the outside, the air bags," all of which are "well-known hiding places for narcotics." Under the circumstances, the towing of the car and the nature of the search were not unreasonable. See, e.g., Ross, 456 U.S. at 800, 825, 102 S. Ct. at 2160, 2173, 72 L. Ed. 2d at 578, 594 (holding that where probable cause supports the search of a car, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search"); Chambers v. Maroney, 399 U.S. 42, 52 & n.10, 90 S. Ct. 1975, 1981-82 & n.10, 26 L. Ed. 2d 419, 428-29 & n.10 (1970) (holding that where officers had probable cause to search a vehicle after arresting all of its occupants "in a dark parking lot in the middle of the night," "[a] careful search at that point was impractical and perhaps not safe for the officers" and, thus, the officers did not act unreasonably in "tak[ing] the car to the station house" and searching it there); United States v. Harwood, 998 F.2d 91, 97 (2d Cir. 1993) (holding probable cause to search a van for LSD permitted police to search the van's door panel "[b]ecause LSD in blotter form may be stashed anywhere in a vehicle" and that, because the police were "[f]aced with a hostile crowd at the arrest scene," their decision to search the van "at the police command post several hours after it was seized" did not render the search illegal).

For these reasons, we hold the trial court's denial of appellant's motion to suppress was not error, and we affirm his convictions.

Affirmed.