COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Haley
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2058-08-1                    JUDGE LARRY G. ELDER
                                                      JANUARY 27, 2009

TYWAN LAMAR KENNEDY


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Louis R. Lerner, Judge

            Alice T. Armstrong, Assistant Attorney General II (Robert F.
            McDonnell, Attorney General, on briefs), for appellant.

            Cathy E. Krinick (Law Offices of Krinick & Segall, on brief), for
            appellee.


        Tywan Lamar Kennedy (defendant) stands charged with littering and possessing cocaine

with an intent to distribute.  Pursuant to Code § 19.2-398, the Commonwealth appeals a pretrial

ruling granting defendant's motion to suppress the cocaine and other evidence defendant

contended was obtained only as a result of an illegal seizure of his person.  Because the

evidence, viewed in the light most favorable to defendant, fails as a matter of law to support the

court's ruling suppressing the evidence, we reverse that ruling and remand for further

proceedings.

        The Commonwealth asserts that the trial court, by considering the officer's subjective

intent in ruling on defendant's motion to suppress, applied an incorrect standard of law and that,

under the correct standard, the evidence compelled a ruling denying that motion.  For the reasons

that follow, we agree.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Examining a trial court's ruling on a motion to suppress evidence allegedly seized in violation of the Fourth Amendment "presents a mixed question of law and fact that we review *de novo* on appeal. In making such a determination, we give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained [violated] the Fourth Amendment." Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002) (citations omitted). The court is not required to make explicit findings of fact, and when it does not make such findings, we view the evidence in the light most favorable to the prevailing party, here the defendant, granting to the evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

Determining whether reasonable suspicion or probable cause existed to justify a particular search or seizure requires an evaluation of the *objective*, not *subjective*, reasonableness of the officer's actions. See, e.g., Whren v. United States, 517 U.S. 806, 812-13, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89, 97-98 (1996). Here, the trial court expressly stated, "I just don't know . . . how we get beyond [Officer Oliver's testimony that] 'We followed [the Honda in which defendant was a passenger] to find a reason to stop it'" immediately before granting the motion to suppress. To the extent this statement constituted a ruling that the officer's subjective intent rendered any seizure of defendant's person unreasonable, we hold the trial court erred. Nevertheless, we hold the evidence in the record, viewed in the light most favorable to defendant, compels a denial of the motion to suppress as a matter of law.

At a hearing on a defendant's motion to suppress,

> [t]he defendant bears the "burden of proving" factual
> circumstances giving rise to a reasonable expectation of privacy [in
> the place searched or item seized]. Sharpe v. Commonwealth, 44
> Va. App. 448, 455, 605 S.E.2d 346, 349 (2004). This is not a mere
> burden of production[; rather it] . . . requir[es] the defendant to

>prove to the satisfaction of the fact[ ]finder the existence of those facts upon which a legal conclusion can be drawn.

Logan v. Commonwealth, 47 Va. App. 168, 171 n.2, 622 S.E.2d 771, 772 n.2 (2005) (en banc) (citation omitted). If the defendant both proves that he had a reasonable expectation of privacy in the item, see Sharpe, 44 Va. App. at 455, 605 S.E.2d at 349,[1] and establishes a *prima facie* case that a warrantless seizure of the item has occurred, see, e.g., United States v. Thompson, 409 F.2d 113, 117 (6th Cir. 1969), the burden shifts to the Commonwealth to prove an exception to the warrant requirement, see Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989).

This case involves the legal significance of the timing of and interplay between the seizure of defendant's person, the separate seizure of the item he discarded, and the burdens of proof related to each. It is well settled that "'where incriminating evidence is discarded in a public area in anticipation of a police investigation'" by a person *not yet subject to a police seizure*, the person who discarded the evidence has abandoned any reasonable expectation of privacy in it, and "'the Fourth Amendment does not set limits on its recovery by police, even where what is exposed to public view is not itself evidence of a crime.'" Spriggs v. United States, 618 A.2d 701, 703 (D.C. 1992) (quoting Smith v. United States, 292 A.2d 150, 151 n.4 (D.C. 1972)). Thus, in order for defendant to establish his actions in discarding the knotted plastic bag did not constitute a relinquishment of his expectation of privacy in it, he bore the burden of proving he was subject to a seizure of his person when he discarded the bag. If defendant met that burden, the burden shifted to the Commonwealth to prove that the seizure of

---

[1] As we noted in Sharpe, 44 Va. App. at 455 n.2, 605 S.E.2d at 349 n.2, the United States Supreme Court has held that this issue is a component of "'substantive Fourth Amendment law [rather] than . . . standing.'" Minnesota v. Carter, 525 U.S. 83, 88, 119 S. Ct. 469, 472, 142 L. Ed. 2d 373, 379 (1998) (quoting Rakas v. Illinois, 439 U.S. 128, 140, 99 S. Ct. 421, 428, 58 L. Ed. 2d 387, 399 (1978)).

defendant's person, made without a warrant, was reasonable under the Fourth Amendment, thereby also legitimizing the seizure of the bag. Commonwealth v. Holloway, 9 Va. App. 11, 19, 384 S.E.2d 99, 103 (1989) (holding that in order for the Fourth Amendment to permit the seizure and search of a discarded item without a warrant, the abandonment "must be 'truly voluntary and not merely the product of police misconduct'" (quoting United States v. Roman, 849 F.2d 920, 923 (5th Cir. 1988))).

We hold as a matter of law that, on this record, defendant was unable to meet his burden of proving he retained a reasonable expectation of privacy in the item after he tossed it out the window of the moving Honda. Assuming without deciding a seizure of the Honda and its driver would have occurred when the flashing lights on the police vehicle were activated[2] and that defendant, a passenger in the Honda, would have been considered seized at that same instant, the evidence, viewed in the light most favorable to defendant, does not establish that defendant was subject to a seizure of his person when he discarded the plastic bag. Officer Oliver testified that his companion, Corporal Tucker, was driving the marked police vehicle during the pursuit and was the person responsible for activating the vehicle's emergency equipment. Officer Oliver was certain the vehicle's siren was not activated during the pursuit but testified that the siren and flashing lights operated independently of each other. Officer Oliver further indicated he "[did not] recall the lights being activated" when defendant threw the bag from the window but that he "[did not] know" whether they had been. The fact that the driver of the vehicle in which defendant was a passenger pulled to the side of the road shortly thereafter does not compel a

---

[2] The Commonwealth takes the position that, on the facts of this case, the activation of the lights on the police car was a condition *necessary* but not *sufficient* to prove a seizure of defendant's person occurred. It contends pursuant to California v. Hodari D., 499 U.S. 621, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991), that proof of defendant's submission to the officers' show of authority via the lights was also required and that the evidence failed to show such a submission. As set out infra in note 3 and the accompanying text, we need not reach this issue in this appeal.

finding that he did so in response to a show of authority by police that occurred prior to defendant's abandonment of the cocaine. Even viewed in the light most favorable to defendant, it fails to support a finding that the officers seized him without legal justification before he discarded the bag of cocaine.

Because defendant bore the burden of proving the predicate facts to establish a reasonable expectation of privacy in the bag of cocaine and failed to meet that burden, we conclude as a matter of law that the trial court's granting of the motion to suppress was error.[3] For these reasons, we hold the evidence, viewed in the light most favorable to defendant, fails to support the court's ruling suppressing the evidence as a matter of law. Thus, we reverse that ruling and remand for further proceedings.

<u>Reversed and remanded.</u>

---

[3] Thus, we need not reach the Commonwealth's argument under <u>Hodari D.</u>, 499 U.S. at 626-27, 111 S. Ct. at 1550-51, 113 L. Ed. 2d at 697-98, that defendant was not seized before discarding the cocaine because he had not yet submitted to the officers' show of authority. <u>See</u> <u>supra</u> note 2.