COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


JASON TROY PRITCHARD
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1893-10-3                      JUDGE LARRY G. ELDER
                                                       DECEMBER 13, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
                              Larry B. Kirksey, Judge

            John B. Coleman (Abbey C. Pratt, PC, on brief), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Jason Troy Pritchard (appellant) was convicted in a jury trial of resisting arrest and

committing assault and battery upon a law enforcement officer.[1] He challenges these

convictions on Fourth Amendment grounds, asserting the police unlawfully entered his home to

arrest him, thereby justifying his use of force to resist that arrest. Appellant further argues the

trial court erred in denying his proffered jury instruction relating to the use of self-defense to

resist an unlawful arrest. We hold that exigent circumstances justified the police officers'

warrantless entry into appellant's residence, and appellant was therefore not entitled to use force

to resist his arrest. Accordingly, we affirm his convictions.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was further convicted of public intoxication, but his assignments of error do
not implicate that conviction.

I.

ANALYSIS

A.

EXIGENT CIRCUMSTANCES JUSTIFYING THE WARRANTLESS ENTRY

A defendant's claim that the police violated his Fourth Amendment rights presents a mixed question of law and fact that we review *de novo* on appeal. See McCain v. Commonwealth, 275 Va. 546, 551, 659 S.E.2d 512, 515 (2008); Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002). In making such a determination, we give deference to the factual findings of the trial court, but we independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment. Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000).

The evidence establishes that the officers responded to a report that someone had been stabbed at a private residence and found appellant standing in front of the house. Appellant smelled strongly of alcohol, his speech was slurred, and his face was red. During his encounter with the police, appellant yelled and was uncooperative. The officers concluded appellant had been drinking alcohol and that probable cause existed to arrest him for public intoxication.

Appellant does not dispute the officers had probable cause to arrest him for public intoxication. Rather, he contends this did not justify the forcible entry into his home because discontinuing the pursuit would not be "likely to involve significant danger to any person, loss of evidence, or opportunity for the suspect to escape." Appellant notes his return to his own residence extinguished the danger of public intoxication.

Because "the Fourth Amendment has drawn a firm line at the entrance to the house," Payton v. New York, 445 U.S. 573, 590, 100 S. Ct. 1371, 1382, 63 L. Ed. 2d 639, 653 (1980), a warrantless entry into an individual's home is "presumptively unreasonable" unless it is

"supported by both probable cause and exigent circumstances," Robinson v. Commonwealth, 273 Va. 26, 34, 639 S.E.2d 217, 221 (2007).  To "determin[e] whether exigent circumstances were sufficient to overcome the presumption of unreasonableness and justify a warrantless entry, the court must examine the circumstances as they reasonably appeared to the law enforcement officers on the scene."  Verez v. Commonwealth, 230 Va. 405, 410, 337 S.E.2d 749, 753 (1985).  Circumstances that might justify a warrantless entry include whether "the possibility of danger [exists] to others, including police officers left to guard the site," "whether the offense . . . involves violence," "whether there is, at the time of entry, a clear showing of probable cause," and whether "the suspects[] recent[ly] ent[ered] into the premises after hot pursuit."  Id. at 410-11, 337 S.E.2d at 753.

"Domestic disturbances have a low flash point, and 'violence may be lurking and explode with little warning.'"  McCracken v. Commonwealth, 39 Va. App. 254, 261, 572 S.E.2d 493, 496 (2002) (en banc) (quoting Fletcher v. Town of Clinton, 196 F.3d 41, 50 (1st Cir. 1999)).  Appellant advised the police officers that his girlfriend, who lived at the residence and was inside the house, had tried to stab him.  The officers saw no injuries to appellant or to his girlfriend, though appellant's shirt was cut.  In light of all the circumstances, however, rather than arrest appellant, the officers chose to diffuse the situation by ordering appellant to return to his home across the street.  The officers informed appellant that if he came outside, they would arrest him.  Appellant initially complied, but the officers remained in the vicinity because they suspected the situation might escalate again.  The officers saw appellant exit his apartment and walk to the middle of the street in the direction of his girlfriend's residence.  Appellant appeared to notice the presence of the police officers, turned, and walked back to his residence.  When appellant exited his residence a second time, Sergeant Crawford advised appellant he was under arrest.  Appellant refused to comply, ran inside his house, and slammed the door.  Because appellant's

actions evinced his intent to reinstigate a potentially violent domestic situation, the officers were justified in entering appellant's residence in order to prevent him from causing further harm. See Fletcher, 196 F.3d at 50 (deferring to the reasonable judgments of officers in domestic disputes that "require police to make particularly delicate and difficult judgments quickly"). Finally, appellant's retreat into his residence constituted a "hot pursuit," which, in addition to the circumstances already detailed, justified the officers' decision to enter the residence and arrest appellant. See United States v. Santana, 427 U.S. 38, 43, 96 S. Ct. 2406, 2410, 49 L. Ed. 2d 300, 306 (1976) ("[A] suspect may not defeat an arrest which has been set in motion in a public place, and is therefore proper under [United States v.] Watson, [423 U.S. 411, 96 S. Ct. 820, 46 L. Ed. 2d 598 (1976)], by the expedient of escaping to a private place."). In sum, the exigent circumstances were sufficient to justify the warrantless entry.

Sergeant Carrigan forced the door open, and the officers entered the home to arrest appellant. The officers again advised appellant that he was under arrest, but appellant insisted he was not. As the officers attempted to handcuff appellant, he kicked Sergeant Crawford in the thigh, causing him to fall back into a doorway. Crawford pulled out his taser and pointed the laser sight at appellant. Appellant then stopped struggling and permitted the officers to apply the handcuffs. Because exigent circumstances justified the officers' warrantless entry into appellant's residence, the arrest was lawful, and appellant was not entitled to resist that arrest. See McCracken, 39 Va. App. at 261-62, 572 S.E.2d at 496-97 (holding that the defendant was not entitled to resist his arrest because the officer was responding to a domestic dispute, and the situation "could easily have escalated if the deputy had not acted immediately upon noticing the bulge in the defendant's pocket").

B.

JURY INSTRUCTION

Appellant next argues the trial court erred in denying his jury instruction relating to resisting an unlawful arrest.[2]  Having concluded that the arrest was lawful, we need not address this issue.  See Avent v. Commonwealth, 279 Va. 175, 202, 688 S.E.2d 244, 259 (2010) ("'If the [proffered jury] instruction is not applicable to the facts and circumstances of the case, it should not be given.'" (quoting Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001))).

II.

Due to the potentially violent nature of appellant's conduct and his continued determination to defy the police officers' attempts to diffuse the situation, exigent circumstances justified the officers' warrantless entry into appellant's residence to arrest him for public intoxication.  Accordingly, appellant was not entitled to resist his arrest, and we affirm his convictions.

Affirmed.

---

[2] At the conclusion of all the evidence, appellant proffered a jury instruction that read, "It has long been held in Virginia that where an Officer attempts an unlawful arrest, the Officer is an aggressor which gives the arrestee the right to use self-defense to resist so long as the force used is reasonable."