Present:  All the Justices

DARRIO L. COST

v.  Record No. 070496

COMMONWEALTH OF VIRGINIA

                                        OPINION BY
                              JUSTICE LAWRENCE L. KOONTZ, JR.
                                     February 29, 2008

          FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, we consider whether the Court of Appeals erred in affirming a circuit court's judgment denying a motion to suppress evidence seized by a police officer from inside the defendant's pants pocket during a "pat-down" search.  The sole issue presented is whether the officer had sufficient probable cause to seize a number of capsules based upon his assertion that by the "plain feel" of the capsules he knew, through his training and experience, that they contained an illegal drug packaged in capsule form.

                       BACKGROUND

     The pertinent facts in this case are not in dispute. Around 12:40 a.m. on December 14, 2004, Portsmouth Police Officer B. C. Davis, who was assigned as a full-time agent of the Portsmouth Redevelopment and Housing Authority with responsibility for patrolling residential developments of the Authority, approached Darrio L. Cost, who was sitting in the passenger seat of a vehicle parked in a parking lot designated for residents of the Jeffry Wilson housing complex.  This

property was owned by the Authority.  As Davis approached the vehicle's passenger side window, he observed as Cost "immediately reach[ed] across his body towards his left front pants pocket."  Davis asked Cost what he was reaching for, but Cost did not answer.  Davis told Cost "to get away from" his pocket, but Cost reached toward the pocket again.  Davis then directed Cost to exit the vehicle.

Upon exiting the vehicle, Cost immediately told Officer Davis, "[y]ou can't search me, but you can pat me down."  Davis conducted a "pat down" search of Cost for concealed weapons.  In doing so, Davis immediately frisked the left front pants pocket toward which Cost had been reaching.  When Davis touched the pocket, he felt numerous capsules inside.  Davis reached into Cost's pocket and removed a plastic bag containing twenty capsules.  Subsequent analysis of the contents of those capsules showed that they contained heroin.

Cost was indicted by a grand jury in the Circuit Court of the City of Portsmouth on the charge of possession of heroin with the intent to distribute in violation of Code § 18.2-248. Prior to trial, Cost moved to suppress the heroin capsules seized from his person during the pat-down search, claiming they were discovered in violation of his rights under the Fourth Amendment.  At the suppression hearing, Officer Davis testified that he had been a police officer for approximately four and a

2

half years.  Davis testified that he did not feel what he thought to be a weapon in Cost's pocket and that he did not think that there was a weapon in that pocket after he felt the capsules there.  Davis contended that upon feeling the capsules in Cost's pocket he "knew" that they were heroin because "[t]hrough my training and experience, I know that that's what heroin is packaged in."  On cross-examination, Davis admitted that over-the-counter medications such as "Motrin, Tylenol, or something along those lines" are sometimes "packaged in capsules."

The circuit court denied Cost's motion to suppress the evidence seized from his person.  Cost was tried without a jury and found guilty of the offense charged in the indictment.  The circuit court sentenced Cost to ten years imprisonment, with a portion of the sentence suspended.  Cost appealed his conviction to the Court of Appeals challenging the circuit court's failure to suppress the evidence.  The Court of Appeals affirmed the conviction in a published opinion, Cost v. Commonwealth, 49 Va. App. 215, 638 S.E.2d 714 (2006).  We granted Cost this appeal.

DISCUSSION

A defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review de novo on appeal.  Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002); Bolden v.

3

Commonwealth, 263 Va. 465, 470, 561 S.E.2d 701, 704 (2002); McCain v. Commonwealth, 261 Va. 483, 489, 545 S.E.2d 541, 545 (2001); see also Ornelas v. United States, 517 U.S. 690, 691, 699 (1996). In making such a determination, we give deference to the factual findings of the circuit court, but we independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment. Bolden, 263 Va. at 470, 561 S.E.2d at 704; McCain, 261 Va. at 490, 545 S.E.2d at 545; Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000). The defendant has the burden to show that, considering the evidence in the light most favorable to the Commonwealth, the circuit court's denial of his suppression motion was reversible error. Bolden, 263 Va. at 470, 561 S.E.2d at 704; McCain, 261 Va. at 490, 545 S.E.2d at 545; Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

Cost does not dispute that during an investigative stop, a law enforcement officer may conduct a limited search for concealed weapons if the officer reasonably believes that a criminal suspect may be armed and dangerous. Terry v. Ohio, 392 U.S. 1, 27 (1968); see also Florida v. J.L., 529 U.S. 266, 269-70 (2000); Adams v. Williams, 407 U.S. 143, 146 (1972); Harris v. Commonwealth, 241 Va. 146, 150, 400 S.E.2d 191, 193-94 (1991); Jones v. Commonwealth, 230 Va. 14, 19, 334 S.E.2d 536,

4

539-40 (1985). Indeed, Cost expressly consented to such a limited search of his person by Officer Davis. Rather, Cost argues that his Fourth Amendment right to be free from unreasonable searches and seizures was violated because Officer Davis exceeded the proper scope of a Terry pat-down search. Cost contends that this is so because the character of the capsules as containing heroin, or some other form of contraband, would not be immediately apparent merely by feeling the capsules through his clothing, and Davis could discern that what he did feel in Cost's pocket was not a weapon. Thus, Cost asserts that the heroin capsules removed from his pocket should have been excluded from evidence.

The Commonwealth responds that the Court of Appeals correctly held that determining whether a law enforcement officer conducting a Terry pat-down search had sufficient probable cause to seize an item suspected to be contraband based upon the feel of the object through the suspect's clothing requires a consideration of the totality of the circumstances. Cost, 49 Va. App. at 227, 638 S.E.2d at 719-20. Thus, the Commonwealth contends that the circuit court correctly ruled, and the Court of Appeals properly agreed, that Officer Davis was justified in seizing the capsules from Cost's pocket because "[a]lthough other [legal] substances are contained in capsules, his own experience and common sense told Davis that one does not

5

carry numerous loose capsules of legal substances in one's pocket."

We agree with the Commonwealth that the determination whether a law enforcement officer had sufficient probable cause to seize contraband from a person in the course of a Terry pat-down search requires a consideration of the totality of the circumstances surrounding the search, as well as a consideration of the officer's knowledge, training and experience.  As we have recently observed, "[a]n officer who conducts a Terry pat-down search is justified in removing an item from a subject's pocket if the officer reasonably believes that the object might be a weapon.  Lansdown v. Commonwealth, 226 Va. 204, 213, 308 S.E.2d 106, 112 (1983).  Additionally, the removal of an item from a subject's pocket is also justified if the officer can identify the object as suspicious under the 'plain feel' variation of the plain view doctrine.  Minnesota v. Dickerson, 508 U.S. 366, 375-76 (1993); see Murphy v. Commonwealth, 264 Va. 568, 574, 570 S.E.2d 836, 839 (2002)."  Grandison v. Commonwealth, 274 Va. 316, 319-20, 645 S.E.2d 298, 300 (2007).

The "plain feel" doctrine comports with the traditional application of the Fourth Amendment because, when the character of the object felt by the officer is immediately apparent either as a weapon or some form of contraband, the object is for all practical purposes within the plain view of the officer.  The

6

Fourth Amendment does not require the officer to be subjected unreasonably to the risk of harm from a dangerous weapon or to ignore criminal activity occurring in his presence. In Dickerson, the United States Supreme Court explained that when the identity of the object is immediately apparent to the officer conducting a legal pat-down search of a suspect "there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." 508 U.S. at 375-76.

"However, an item may not be retrieved under the plain view doctrine unless it is 'immediately apparent' to the officer that the item is evidence of a crime. Coolidge v. New Hampshire, 403 U.S. 443, 466 (1971); Murphy, 264 Va. at 574, 570 S.E.2d at 839." Grandison, 274 Va. at 320, 645 S.E.2d at 300. It is not sufficient probable cause to seize an item from inside the suspect's clothing if the officer has no more than an educated "hunch" based upon the "plain feel" that the item might be contraband. See Harris v. Commonwealth, 241 Va. 146, 151, 400 S.E.2d 191, 194 (1991) (addressing officer's "hunch" that a closed canister contained illegal drugs).

Consistent with these principles, we have stated that "when the character of the item is not immediately apparent from the

7

'pat[-]down' search, and the officer does not reasonably suspect that the item is a weapon, further search regarding the item is not allowed [by the Fourth Amendment] because such an evidentiary search is unrelated to the justification for the frisk" of the suspect.  Murphy, 264 Va. at 574, 570 S.E.2d at 839.  In Murphy, we held that marijuana contained in a plastic bag in the suspect's pants pocket was illegally seized during a pat-down search because the character of the bag's contents as contraband was not immediately apparent from the officer's tactile perception and, thus, the officer did not have probable cause to seize the bag and its content without a warrant.  Id. at 574-75, 570 S.E.2d at 839-40.

In the present case, Officer Davis admitted in his testimony that over-the-counter medications such as "Motrin, Tylenol, or something along those lines" are sometimes "packaged in capsules."  Common experience in the purchase of these legal medications supports this admission.  Moreover, it is self-evident that if an item may just as well be a legal medication dispensed in capsule form or a capsule containing an illegal drug, its character as the latter cannot be readily apparent by feeling a suspect's outer clothing that contains the item inside.

In that context, the Court of Appeals acknowledged that "feeling the capsules alone may not be sufficient probable

cause" to support the warrantless seizure of the capsules in question. Cost, 49 Va. App. at 227, 638 S.E.2d at 719. In an effort to distinguish our decision in Murphy, the Court of Appeals reasoned that Cost had "attempted to conceal the drugs, failed to heed the officer's demand that he cease the furtive behavior, and failed to respond to the officer's questions." Id. at 227, 638 S.E.2d at 720.

We disagree with the Court of Appeals' characterization of Cost's actions as "furtive" and its conclusion that Cost "attempted to conceal the drugs." Even viewed in the light most favorable to the Commonwealth, the evidence does not show that Cost did anything by stealth or in a surreptitious manner. According to Officer Davis' testimony, Davis was readily able to observe all of Cost's actions. There is no evidence to even suggest that Cost attempted to remove the drugs from his pocket and secrete them in some other place. There is no evidence that Cost attempted to conceal the drugs; they were already in his pocket. Cost's failure to respond to the officer's questions is of no particular significance because Cost was under no obligation to respond to Davis's questions. Moreover, Cost complied with Davis's order to exit the vehicle and immediately consented to the pat-down search by Davis.

In sum, whatever significance Cost's actions may have had in supporting Davis' suspicions regarding Cost under the

9

totality of the circumstances, they relate to the justification for the pat-down search conducted by Davis for a possible concealed weapon. Whether those circumstances support the seizure of the capsules is another matter. In Murphy, the "totality of circumstances" was, if anything, more suggestive of the presence of contraband. Murphy was subject to a lawful pat-down search for weapons when he was found in a residence where police executed a "search warrant [that] authorized the police to search 'the entire residence' for 'marijuana, cocaine, cocaine base, heroin, scales, ledgers, logs, money, guns, phone bills, syringes and any other item that would be connected with the illegal sale and/or use of any other illegal narcotic or non-prescription drug.' " Murphy, 264 Va. at 571, 570 S.E.2d at 837. Yet, in that case we held that marijuana contained in a plastic bag in the suspect's pants pocket was illegally seized during a pat-down search because the character of the baggie's contents as contraband was not immediately apparent.

Here, the character of the capsules seized from Cost's pants pocket could not have been immediately apparent to Officer Davis as a result of the pat-down search. Cost's movements and his failure to respond to the officer's questions supported a well-educated "hunch," but were insufficient to establish probable cause required to permit a warrantless seizure of the capsules from inside Cost's pants packet. See e.g., Graham v.

10

<u>State</u>, 893 S.W.2d 4, 6 (Tex. Ct. App. 1994).  Accordingly, we hold that the Court of Appeals erred in affirming the judgment of the circuit court overruling Cost's motion to suppress the evidence illegally seized from his person under the Fourth Amendment of the United States Constitution.

CONCLUSION

For these reasons, we will reverse the judgment of the Court of Appeals.  Because the evidence seized from Cost should have been suppressed, there would be insufficient evidence to sustain Cost's conviction for possession of heroin with intent to distribute in any retrial.  Accordingly, Cost's conviction will be reversed, and the indictment against him will be dismissed.  <u>Jackson v. Commonwealth</u>, 267 Va. 666, 681, 594 S.E.2d 595, 603 (2004).

<u>Reversed and dismissed</u>.

JUSTICE LEMONS, with whom JUSTICE KINSER joins, dissenting.

In this case, it is important to remember that we are not dealing with certainties or even a standard requiring proof "beyond a reasonable doubt," rather, we must consider probabilities.

> The legal standard of probable cause, as the term suggests, relates to probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons.  The presence or absence of probable cause is not to be examined from the perspective of a legal

11

> technician.  Rather, probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.  <u>Draper v. United States</u>, 358 U.S. 307, 313 (1959); <u>Schaum v. Commonwealth</u>, 215 Va. 498, 500, 211 S.E.2d 73, 75 (1975).  In order to ascertain whether probable cause exists, courts will focus upon "what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control."  <u>Hollis v. Commonwealth</u>, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976).

<u>Taylor v. Commonwealth</u>, 222 Va. 816, 820-21, 284 S.E.2d 833, 836 (1981).

Cost gave the officer permission to conduct a "pat-down" but did not give permission for the officer to reach into his pockets.  However, upon conducting the "pat-down" by consent, the officer detected "numerous capsules" in Cost's pocket.  In <u>Minnesota v. Dickerson</u>, 508 U.S. 366 (1993), the Supreme Court discussed the seizure of contraband detected by sense of touch during a "pat-down" search.  The Court stated:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

<u>Id.</u> at 375-76.

The officer reached into Cost's left pants pocket and removed a plastic bag containing 20 capsules subsequently determined to contain heroin. If the justification for the search of Cost's pocket depended solely upon the "plain feel" of a capsule in the pocket, the officer could not lawfully search Cost's pocket. But the justification in this case is based upon other circumstances as well.

It was immediately apparent to the officer that the items in Cost's pocket were capsules. The totality of the circumstances, which a court is required to consider, give probable cause that the capsules contained an illegal substance. Cost was a passenger in a parked car when the encounter began. When the officer approached the car on the passenger side, Cost "immediately reached across his body towards his left front pants pocket." The officer asked Cost what he was reaching for, and Cost did not reply. The officer directed Cost to "get away from the pocket." Cost disregarded the officer's direction and again reached for his left front pants pocket. Cost was ordered to exit the car, whereupon a consensual "pat-down" occurred.

The totality of the circumstances included furtive gestures toward the pocket where the contraband was located. Furtive gestures alone may not be sufficient to establish probable cause; however, furtive gestures coupled with other indicia of

13

criminal activity may suffice to establish probable cause. See Sibron v. New York, 392 U.S. 40, 66 (1968); 2 Wayne R. LaFave, Search and Seizure § 3.6(d), at 351-52 (4th ed. 2004) ("if police see a person in possession of a highly suspicious object or some object which is not identifiable but which because of other circumstances is reasonably suspected to be contraband, and [also] observe that person make an apparent attempt to conceal that object . . . , probable cause is then present").

The officer detected not one or two capsules, but "numerous" capsules. As the evidence demonstrated, there were 20 capsules in the plastic bag in the pocket. Certainly, it is not impossible that someone would carry vitamins or other legal medication in capsules in a pocket. But we are not dealing with possibilities, we are directed to consider probabilities in this analysis. Additionally, we must consider the specialized training of the officer who, at the time of trial had made 50 – 60 drug arrests and had specialized training on packaging of narcotics.

The majority states that it disagrees with the Court of Appeals opinion that characterizes Cost's gestures as "furtive." It was the Commonwealth at trial that characterized Cost's gestures as "furtive." The trial court ruling must be considered in the context of the evidence and the arguments advanced by the parties. The Court of Appeals opinion does

14

exactly what we have stated numerous times is the role of an appellate court. Appellate courts are not fact-finders. Appellate courts are called upon to determine if the facts are sufficient to support a trial court judgment. But an appellate court is not permitted to substitute its judgment concerning the facts for that of the trial court. Here, the majority engages in recharacterization of the facts.

The majority opinion affirms the principle that a reviewing court analyzing a suppression motion must consider the totality of the circumstances. But the majority does not apply the principle in this case.

In Ball v. United States, 803 A.2d 971, 972 (D.C. 2002), the court reviewed a trial court's refusal to suppress the evidence. In Ball, the defendant had been a passenger in a motor vehicle stopped for a traffic infraction. When the officer approached the car, the defendant began "to move his left hand and he was trying to cover his abdomen area with a newspaper which was seated on the seat next to him." Id. at 973. Upon directing the defendant to exit the car, he "immediately put his hands in his jacket pocket." Id. The officer ordered the defendant to remove his hands from the pocket and as the defendant complied, he once again "attempted to place his right hand in his right front jacket pocket." Id. Before the encounter was over, the defendant attempted to reach

15

into the same pocket for a third time.  Upon a protective "pat-down" for weapons, the officer "felt a large cylinder container which [he] thought to be a large medicine bottle," and "because [the defendant] made several attempts to go into his pocket and remove it" the officer concluded that it was probable that the medicine bottle contained contraband.  Id.  The court affirmed the denial of the motion to suppress based upon the totality of the circumstances including the officer's training in packaging of narcotics.  The court concluded:

> Viewed against the officer's experience, appellant's conduct added enough information to cross the threshold from reasonable suspicion that appellant might have a weapon in his jacket pocket to probable cause that he had drugs in the medicine bottle felt in the pocket.

Id. at 982.

In the case of State v. Briggs, 536 S.E.2d 858 (N.C. Ct. App. 2000), the Court of Appeals of North Carolina affirmed the trial court's refusal to suppress a cigar holder seized after an officer conducted a "pat-down" for weapons and discerned the presence of the object in a pocket.  Using a totality of the circumstances analysis, the court stated:

> Accordingly, we consider the numerous facts and circumstances surrounding the officer's seizure of the cigar holder in determining whether seizure of the cigar holder was lawful.  Here, the hour was late and defendant was stopped in a "high crime" area.  The officer had previously arrested the

16

defendant for possession of controlled substances and knew defendant was on probation for such an arrest at the time of the stop. The officer smelled burned cigar in defendant's vehicle and on defendant, and was aware that burning cigars were commonly used to mask the smell of illegal substances. Defendant had previously stated he did not smoke cigars. His eyes were red and glassy, and his behavior suggested possible usage of a controlled substance. Furthermore, the officer's experience made him aware that cigar holders were commonly used to store controlled substances. Considering these facts and circumstances, [the officer] had sufficient information to warrant a person of reasonable caution in the belief that the item he detected contained contraband. Absent any evidence indicating impermissible manipulation of the object by the officer, we conclude seizure of the cigar holder in this case was lawful.

Id. at 863-64 (citations omitted).

I can summarize it no better than Judge Frank did in his opinion in the Court of Appeals:

While feeling the capsules alone may not be sufficient probable cause, the totality of the circumstances gave the officer probable cause to believe the numerous capsules contained illicit drugs. Appellant attempted to conceal the drugs, failed to heed the officer's demand that he cease the furtive behavior, and failed to respond to the officer's questions. See generally 2 Wayne R. LaFave, Search & Seizure § 3.6(f), at 364 (4th ed. 2004) (explaining that "refusal to answer is one factor which an officer may consider, together with evidence that gave rise to his prior suspicion, in determining whether there are grounds for arrest"). Based on the totality of the circumstances, consisting of furtive movements and suspicious conduct, culminating in the officer feeling numerous capsules, which based on the officer's

17

training and experience contained heroin, the officer had probable cause to seize the capsules.

The trial court did not err in denying the motion to suppress.

Cost v. Commonwealth, 49 Va. App. 215, 227-28, 638 S.E.2d 714, 719-20 (2006).

I would affirm the judgment of the Court of Appeals.