COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Chafin and Senior Judge Bumgardner
Argued at Salem, Virginia

UNPUBLISHED

DEWAYNE THOMAS GARRISON, SR.

MEMORANDUM OPINION[*] BY
v.      Record No. 2056-11-3             JUDGE TERESA M. CHAFIN
MARCH 5, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Keith Orgera, Senior Assistant Public Defender, for appellant.

David M. Uberman, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Following a bench trial, Dewayne Garrison ("appellant") was convicted of possession of

cocaine. On appeal, appellant contends that the cocaine and the circumstances of its discovery

should have been excluded because they were derived from an unlawful seizure of his person in

violation of the Fourth Amendment.

BACKGROUND

On the evening of January 4, 2011, Officer Taylor Clark encountered appellant in an area

known as a high crime area and an open air drug market. Clark explained he asked to speak with

appellant and appellant agreed to talk to him. Appellant provided Clark with identification and

agreed to wait until Clark verified the information. Clark testified appellant became increasingly

nervous during the encounter but voluntarily emptied his pockets onto the ground. Appellant

then consented to a pat-down search of his person. During the pat down, Clark felt a large bulge

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in appellant's pocket that felt like a "plastic baggie with a mushy texture kind of substance inside of it." When Clark asked what was in his pocket, appellant became extremely agitated and denied that anything was in there. Clark told appellant that he intended to call for a drug detecting dog to come to the scene. At this point, appellant became "extremely more nervous." Moments later, appellant cursed and began running from the scene.

Clark pursued appellant and handcuffed him after appellant fell and struggled with the officer. Clark then discovered a bag of cocaine beneath appellant that was consistent with the size of the bag Clark initially felt in appellant's pocket.

ANALYSIS

The burden to establish that the denial of the motion to suppress constituted reversible error rests with the defendant. See Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993). "We are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). However, we review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case. See Ornelas, 517 U.S. at 699; Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999); Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996).

Appellant first argues that he was illegally seized at the moment Clark initially approached him. He contends that he was doing nothing of a suspicious nature when Clark approached him indicating that he was chasing a suspect who matched his description and he

wanted to identify him to make sure that he was not the person he was chasing. Appellant contends this conveyed a message that Clark was investigating a specific crime and that Clark thought appellant may have been that criminal. Under these circumstances, appellant argues that no reasonable individual would feel free to leave.

Consensual encounters "'need not be predicated on any suspicion of the person's involvement in wrongdoing,' and remain consensual 'as long as the citizen voluntarily cooperates with the police.'" Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (quoting United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)). "'As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.'" Greene v. Commonwealth, 17 Va. App. 606, 610, 440 S.E.2d 138, 140 (1994) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)).

"A seizure occurs when an individual is either physically restrained or has submitted to a show of authority." McGee, 25 Va. App. at 199, 487 S.E.2d at 262. "Whether a seizure has occurred . . . depends upon whether, under the totality of the circumstances, a reasonable person would have believed that he or she was not free to leave." Id. at 199-200, 487 S.E.2d at 262. "When a police officer confronts a person and informs the individual that he or she has been specifically identified as a suspect in a particular crime which the officer is investigating, that fact is significant among the 'totality of the circumstances.'" Id.

The trial court concluded the encounter with the police began as a consensual one. Clark approached appellant in a public street, asked to speak with him, and appellant agreed. Clark did

not specifically identify appellant as a suspect in any particular crime.[1] Thus, we find no error in the trial court's conclusion that the encounter was consensual in nature.

Appellant also contends that even if he was not seized when Clark first encountered him, he was seized when Clark announced he intended to call a drug detecting dog to the scene. Relying on Middlebrooks v. Commonwealth, 52 Va. App. 469, 664 S.E.2d 499 (2008), appellant asserts that after being informed that the officer intended to call a dog to the scene, "no reasonable person would feel free to leave." However, unlike Middlebrooks, in this case, Clark possessed a reasonable suspicion of criminal activity at the time he announced he intended to engage a drug detecting dog.

"A police officer may conduct a brief investigatory stop when the officer, in light of his training and experience, has reasonable, articulable suspicion that criminal activity is afoot." Jones v. Commonwealth, 279 Va. 665, 673, 691 S.E.2d 801, 805 (2010). "'If there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information.'" Parker v. Commonwealth, 255 Va. 96, 104, 496 S.E.2d 47, 52 (1998) (quoting Hayes v. Florida, 470 U.S. 811, 816 (1985)). In this case, Clark approached appellant in a high crime area known as an open air drug market. After appellant consented to the pat-down search, Clark felt a large bulge in appellant's pocket that felt like a "plastic baggie with a mushy texture kind of substance inside of it." Upon Clark's questioning about the bulge, appellant became extremely agitated. Accordingly, the totality of the circumstances supports the trial court's conclusion that Clark had a reasonable, articulable

---

[1] The record is not clear why the individual Clark was chasing was being investigated. In fact, it is never established in the record that Clark was truly in pursuit of another individual when he stopped appellant. However, that fact was not challenged at the suppression hearing, and it is not challenged on appeal.

suspicion that appellant was engaged in criminal activity, and that suspicion permitted Clark to detain appellant to further investigate the matter.[2]

Finally, a defendant is not seized if he disregards an officer's show of authority. See California v. Hodari D., 499 U.S. 621, 629 (1991); Woodson v. Commonwealth, 245 Va. 401, 405-06, 429 S.E.2d 27, 29 (1993) (holding that the defendant was not seized when the police officer ordered him to place his hands where the officer could see them because the defendant did not acquiesce to this command).  Appellant did not submit to the officer's authority as he attempted to flee the scene once Clark announced he was going to call for the drug detecting dog.

Accordingly, we affirm the trial court's denial of appellant's motion to suppress the evidence obtained during his encounter with the police.

Affirmed.

---

[2] We distinguish this case from Cost v. Commonwealth, 275 Va. 246, 657 S.E.2d 505 (2008).  Cost involved facts supporting probable cause necessary for a seizure rather than facts supporting the lesser standard of reasonable, articulable suspicion necessary for an investigatory detention.  In Cost, our Supreme Court held that, "[i]t is not sufficient probable cause to seize an item from inside the suspect's clothing if the officer has no more than an educated 'hunch' based upon the 'plain feel' that the item might be contraband."  Id. at 252, 657 S.E.2d at 508.  In this case, however, no seizure occurred based on the "plain feel" of the bulge in appellant's pocket. The bulge was only one factor considered in Clark's reasonable, articulable suspicion determination.