COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys,[*] Huff and Athey
Argued by videoconference


BRANDON GARY HARVELL

v.      Record No. 1859-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[**] BY
JUDGE ROBERT J. HUMPHREYS
MARCH 19, 2024


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Matthew W. Hoffman, Judge[1]

Charles E. Haden for appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Brandon Gary Harvell entered a conditional guilty plea to one count of possession of

fentanyl. He conditioned his plea upon reserving the right to appeal the circuit court's judgment

denying his motion to suppress. Accordingly, he now contends on appeal that the circuit court erred

by denying his motion to suppress because the officer lacked probable cause to search his vehicle.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). Doing

so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

---

[*] Judge Humphreys prepared and the Court adopted the opinion in this case prior to the effective date of his retirement on December 31, 2023.

[**] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The Honorable Gary A. Mills presided over the motion to suppress hearing.

and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

During the early morning hours on November 23, 2020, Newport News Police Officer Goodnight responded to a report of "an unresponsive individual" in a black BMW parked at a 7-Eleven. There, Officer Goodnight found Harvell "passed out" in the BMW's driver's seat. Officer Goodnight knocked on the window and Harvell awoke; he was "a little groggy but responsive." While speaking with Harvell, Officer Goodnight noticed what appeared to be a bag of marijuana in the vehicle's open center console. It was "a small amount" of marijuana—"[p]robably three or four grams," Officer Goodnight estimated.[2] He ordered Harvell out of the vehicle and searched the vehicle. He found a bag containing suspected cocaine in a compartment beneath the radio and multiple pill jars not prescribed to Harvell. Testing confirmed that the bag containing suspected cocaine actually contained fentanyl.

Harvell made a motion to suppress the evidence found in the search of his vehicle. At the hearing on the motion, Officer Goodnight explained that based on the presence of the marijuana and the fact that Harvell was "passed out" in the driver's side of the vehicle, he thought there might be more marijuana, paraphernalia, or "something other than marijuana in that vehicle." Asked if he had any reason to believe there would be "criminal quantities of marijuana" in the vehicle, Officer Goodnight only replied, "I couldn't tell without checking."

The Commonwealth conceded at the hearing that Officer Goodnight's "search was based upon seeing the marijuana" and explained that although Officer Goodnight thought there might be other items in the vehicle based on Harvell's appearance, no information showed "indicia of intoxication" and therefore the Commonwealth did not advance Harvell's appearance as a factor

---

[2] Officer Goodnight testified that he did not smell the odor of marijuana.

- 2 -

supporting probable cause to search the vehicle. Harvell argued that Officer Goodnight lacked probable cause to search the vehicle because at the time of the search the punishment for possessing a small amount of marijuana was a "civil infraction" and not a "criminal infraction."[3]

Applying the statute in effect at the time of the search, the circuit court concluded that although the possession of a small amount of marijuana was decriminalized, it had not yet been legalized. At the time of the search, Code § 18.2-250.1(A) (Supp. 2020) provided, "It is unlawful for any person knowingly or intentionally to possess marijuana . . . ." Thus, any amount of marijuana was still illegal contraband. The circuit court concluded that under the totality of the circumstances, Officer Goodnight possessed probable cause to search Harvell's vehicle for contraband and denied his motion to suppress. Harvell appeals.

ANALYSIS

Harvell argues that possessing "a baggie of marijuana at that time was a civil offense and did not provide probable cause" that he was engaged in criminal activity. "The law regarding appellate review of a trial court's decision on a motion to suppress is well settled. The appellant bears the burden of establishing that reversible error occurred." *Williams v. Commonwealth*, 71 Va. App. 462, 474 (2020). "[A]n appellate court must give deference to the factual findings of the circuit court and give due weight to the inferences drawn from those factual findings; however, the appellate court must determine independently whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." *Moore v. Commonwealth*, 69 Va. App. 30, 36 (2018) (alteration in original) (quoting *Commonwealth v.*

---

[3] Code § 18.2-250.1 was repealed effective July 1, 2021. *See* 2021 Va. Acts Spec. Sess. I chs. 550-51, cl. 3. At the time of the search, Code § 18.2-250.1 provided that possession of marijuana was unlawful unless it was obtained pursuant to a valid prescription and that violation of the section was "a civil offense" and "subject to a civil penalty of no more than $25." Code § 18.2-250.1(A) (Supp. 2020). Any violation of the section was to be "charged by summons." Code § 18.2-250.1(B) (Supp. 2020).

*Robertson*, 275 Va. 559, 563 (2008)).  "On appeal, a 'defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review de novo.'"  *Cole v. Commonwealth*, 294 Va. 342, 354 (2017) (quoting *Cost v. Commonwealth*, 275 Va. 246, 250 (2008)).

The Fourth Amendment protects people from "unreasonable searches and seizures" by the government.  U.S. Const. amend. IV.  The purpose of this Amendment "is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials."  *Camara v. Mun. Ct. of San Francisco*, 387 U.S. 523, 528 (1967).  Contrary to the position taken by Harvell at oral argument, the Fourth Amendment "applies equally to criminal and civil searches."  *Skinner v. Ry. Lab. Execs.' Ass'n*, 489 U.S. 602, 641 n.5 (1989) (Marshall, J., dissenting).

> Because the individual's interest in privacy and personal security "suffers whether the government's motivation is to investigate violations of criminal laws or breaches of other statutory or regulatory standards," it would be "anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior."

*New Jersey v. T.L.O.*, 469 U.S. 325, 335 (1985) (citations omitted).

A governmental search conducted without a warrant is "*per se* unreasonable, subject to a few specifically established and well-delineated exceptions."  *Megel v. Commonwealth*, 262 Va. 531, 534 (2001) (citing *Thompson v. Louisiana*, 469 U.S. 17, 19-20 (1984)).  The Commonwealth has the burden of establishing that an exception to the warrant requirement applies to the facts at hand.  *Id.*  One long-standing exception to the warrant requirement is the automobile exception. *Carroll v. United States*, 267 U.S. 132 (1925).  "[A] police officer may, before making an arrest and without obtaining a search warrant, search a vehicle . . . so long as the officer has probable cause to do so."  *Curley v. Commonwealth*, 295 Va. 616, 621 (2018) (citing *Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999); *United States v. Ross*, 456 U.S. 798, 804-809 (1982); *Carroll*, 267 U.S. at 153).

Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Jones v. Commonwealth*, 277 Va. 171, 178 (2009) (quoting *United States v. Grubbs*, 547 U.S. 90, 95 (2006)).

> To determine whether a police officer had probable cause to conduct a warrantless search of a vehicle, as occurred here, "we examine the events leading up to the [search], and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause."

*Curley*, 295 Va. at 622 (alteration in original) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 56-57 (2018)). We must consider "what the 'totality of the facts and circumstances' would have 'reasonably meant to a trained police officer.'" *Id.* (quoting *Jones v. Commonwealth*, 279 Va. 52, 59 (2010)). "This includes, of course, an officer's 'common-sense conclusions about human behavior.'" *Id.* at 623 (quoting *Wesby*, 583 U.S. at 58).

Here, Officer Goodnight saw marijuana, which was at the time still illegal contraband, inside Harvell's vehicle. Officer Goodnight acted lawfully in seizing the marijuana which was in plain view and immediately apparent as unlawful to possess. *Horton v. California*, 496 U.S. 128, 135-36, 142 (1990). However, that is not the end of the analysis. Beyond Harvell's possession of the small amount of marijuana, the record provides no indication, prior to the further search of the vehicle, that it contained additional contraband or evidence of any crime.[4]

We are mindful in reviewing the totality of the circumstances asserted to support probable cause, that the facts "must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." *Byrd v.*

---

[4] Had Harvell's possession of the marijuana justified his arrest, the officer may have conducted a limited search of the vehicle as a search incident to a lawful arrest. *Chimel v. California*, 395 U.S. 752, 762-63 (1969) (stating it is reasonable for an arresting officer to search for and seize evidence on an arrestee's person and from the area within his reach). However, here there was no arrest of Harvell or justification to arrest him prior to the further search of his vehicle.

- 5 -

*Commonwealth*, 57 Va. App. 589, 596 (2011) (en banc) (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). "Under this standard, courts recognize that 'a police officer may draw inferences based on his own experience in deciding whether probable cause exists,' including inferences 'that might well elude an untrained person.'" *Id.* (first quoting *Ornelas v. United States*, 517 U.S. 690, 700 (1996); and then quoting *United States v. Cortez*, 449 U.S. 411, 418 (1981)). Nevertheless, in this case, Officer Goodnight only testified that based solely on the presence of a small amount of marijuana and the fact that Harvell was asleep in his vehicle, he thought he would find more. He did not provide any basis for his reasoning that there would be contraband or evidence of a crime elsewhere in the vehicle. He offered no testimony to support a reasonable belief that Harvell was intoxicated with drugs, as the Commonwealth conceded below. Additionally, that Harvell was asleep in his vehicle, without more, does not support a reasonable conclusion that he was engaged in criminal activity. *Brown v. Commonwealth*, 270 Va. 414, 421 (2005) (finding lack of probable cause to arrest where Brown was holding a hand-rolled cigarette and sleeping in his car).

The facts of the record only support that the officer acted on a hunch and not based on circumstances indicative of criminal activity. *See Cost*, 275 Va. at 254 (finding even a well-educated hunch is insufficient to establish probable cause). Considering the totality of the circumstances developed in this record, the officer did not have the requisite probable cause to search Harvell's vehicle.

For the foregoing reasons, we reverse the circuit court's judgment and remand to the circuit court with direction that Harvell be permitted the opportunity to withdraw his guilty plea and to have the matter proceed to trial, if the Commonwealth is so advised.

*Reversed and remanded.*