COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, White and Frucci
Argued at Lexington, Virginia


JOSE CRISTOBAL PERLAMADRID

v.     Record No. 2176-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE STEVEN C. FRUCCI
NOVEMBER 6, 2024


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

Robert O. Wilson (Wilson Law PLC, on brief), for appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Based on a conditional guilty plea, Jose Cristobal Perlamadrid was convicted of felony

possession of a Schedule I or II controlled substance. On appeal, Perlamadrid challenges the circuit

court's denial of his motion to suppress and finding that the information obtained from a consensual

pat down of Perlamadrid provided probable cause to search his pockets. For the following reasons,

we affirm the circuit court's judgment.

---

\* This opinion is not designated for publication. *See* Code § 17.1-413(A).

# I. BACKGROUND[1]

On March 4, 2023, Officer Simpson of the City of Harrisonburg Police responded to a report of a male "acting aggressive, throwing things around, yelling in the parking lot next to a red truck close to the dumpsters." When Officer Simpson arrived at the location, he saw "a male who appeared to be struggling to put on a dark hoodie next to a red truck in the parking lot." The male was later identified as Perlamadrid.

Officer Simpson observed Perlamadrid "walking back and forth almost in circles, bent over and . . . trying to . . . jerk down the waist area of [the] dark hoodie that he was putting on." Officer Simpson called out to Perlamadrid, who immediately walked over to the officer. Perlamadrid "kept running his hands through his hair, looking all around" and "had very wide eyes that were glassy." Officer Simpson asked Perlamadrid if he was okay, and Perlamadrid indicated that he was and that he "was trying to move things into his friend's apartment." Perlamadrid identified the red truck as his, and Officer Simpson observed a butane lighter inside the vehicle. Officer Simpson administered the vertical gaze nystagmus test and asked Perlamadrid if he had been drinking earlier. Though he initially denied drinking, Perlamadrid did eventually state he had a drink a few hours previously. In part due to Perlamadrid's "actions . . . , some of the statements that he had made, the trailing thoughts, the erratic movements, the

---

[1] On appeal from the denial of a motion to suppress evidence, we "review[] the evidence in the light most favorable to the Commonwealth, as the prevailing party below." *Bagley v. Commonwealth*, 73 Va. App. 1, 8 n.1 (2021). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)). Therefore, the Court does not include within this background any evidence of the accused in conflict with that of the Commonwealth.

continually scratching his head, the butane lighter,"[2] and the results of the vertical gaze nystagmus in Perlamadrid's eyes, Officer Simpson asked if he could pat down Perlamadrid's person. Perlamadrid consented to the pat down. Officer Simpson moved behind Perlamadrid and "conducted a brief just patting motion with [Officer Simpson's] fingers outstretched on the outside of [Perlamadrid's] lower jacket where his jacket pockets were and then down towards his trouser pockets."

Officer Simpson felt a round, golf ball-like shape with a "hard stem about the thickness of a pencil" in Perlamadrid's left trouser pocket. At the suppression hearing, Officer Simpson testified that it was "immediately apparent" to him that the object was a "glass smoking device commonly used for smoking illegal narcotics." Using his prior experience and knowledge[3] and the feel of the item, Officer Simpson testified that he recognized the shape and the outline of the item as "conducive" with a "meth bubble," an item he testified was commonly used to "smok[e] illegal narcotics such as meth[amphetamine], cocaine, [and] crack." Officer Simpson then removed the item from Perlamadrid's pocket. Officer Simpson tested the residue on the item therein using a field test kit, which resulted in a positive test for methamphetamine. Perlamadrid was subsequently arrested and charged with possession of a Schedule I or II controlled substance.

---

[2] At the suppression hearing, Officer Simpson testified that "butane lighters are often used to light things or heat things up, which include cigarettes, cigars, [and] smoking devices" and that he "commonly see[s] them accompanying glass smoking devices and other things to smoke illegal narcotics."

[3] At the suppression hearing, Officer Simpson testified that his experience included: (1) having three years of law enforcement experience; (2) completing a basic drug recognition course and "many trainings involving criminal and narcotic interdiction"; (3) "encounter[ing] illegal narcotics and paraphernalia on the streets of Harrisonburg"; and (4) being involved with "[w]ell over a hundred" cases "involv[ing] drug paraphernalia" and "[w]ell over a hundred" cases "involv[ing] a smoking device."

Perlamadrid moved to suppress the evidence obtained from Officer Simpson removing the item from Perlamadrid's pocket, arguing that the plain feel doctrine required that, for probable cause to exist to search a pocket following a pat down, the character of the item must have been "immediately apparent" to the law enforcement officer. He further argued that in order to be "immediately apparent," the officer had to be able to tell that the item was used for illegal purposes by "sensory perception alone" and not from considering the officer's "training and experience." The circuit court denied the motion to suppress, finding that "[t]he officer immediately recognized the object as a meth bubble by feel." The circuit court further found "that a meth bubble has a distinct shape and feel and is only used for illegal narcotics" and that "[t]he totality of the circumstances, including the feel of the item and the officer's observations of [Perlamadrid], gave the officer probable cause to seize the item as evidence of a crime."

Following, Perlamadrid entered a conditional plea of guilty to felony possession of a Schedule I or II controlled substance that preserved his right to appeal the denial of the motion to suppress. This appeal followed.

## II. ANALYSIS

"On review of the trial court's denial of a motion to suppress, an 'appellant bears the burden of establishing that reversible error occurred.'" *Moreno v. Commonwealth*, 73 Va. App. 267, 274 (2021) (quoting *Williams v. Commonwealth*, 71 Va. App. 462, 474 (2020)). We "examine[] the trial court's application of the law *de novo*, including its assessment of whether reasonable suspicion or probable cause supported a search." *Bagley v. Commonwealth*, 73 Va. App. 1, 13 (2021). "However, we defer to the trial court's 'findings of historical fact,' taking care to review them 'only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Id.* (quoting *Malbrough v. Commonwealth*, 275 Va. 163, 169 (2008)).

- 4 -

The Fourth Amendment of the United States Constitution does not "forbid[] . . . all searches and seizures, but unreasonable searches and seizures." *Terry v. Ohio*, 392 U.S. 1, 9 (1968) (quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960)); *see* U.S. Const. amend. IV. Thus, if "articulable facts support[] a reasonable suspicion" of unlawful conduct, a police officer may, without violating the Fourth Amendment, stop that person "briefly while attempting to obtain additional information." *Sidney v. Commonwealth*, 280 Va. 517, 524 (2010) (quoting *Hayes v. Florida*, 470 U.S. 811, 816 (1985)). During an investigative stop, an officer may conduct a limited "pat[-]down" search for safety purposes if the officer reasonably believes that a criminal suspect may be armed and dangerous. *Murphy v. Commonwealth*, 264 Va. 568, 573-74 (2002). The Supreme Court of the United States addressed the seizure of contraband detected by the sense of touch during these pat-down searches in *Minnesota v. Dickerson*, 508 U.S. 366 (1993). The Supreme Court of the United States stated:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

*Id.* at 375-76. "However, when the character of the item is not immediately apparent from the [pat-down] search, and the officer does not reasonably suspect that the item is a weapon, further search regarding the item is not allowed because such an evidentiary search is unrelated to the justification for the frisk." *Murphy*, 264 Va. at 574.

In the case at hand, it is uncontested that Perlamadrid consented to the pat down. As such, our inquiry is limited to whether the officer conducting the pat down had sufficient probable cause to seize an item suspected to be contraband. Contrary to Perlamadrid's assertions, "whether a law enforcement officer had sufficient probable cause to seize contraband from a person in the course

of a *Terry* pat-down search requires a consideration of the totality of the circumstances surrounding the search, as well as a consideration of the officer's knowledge, training and experience." *Cost v. Commonwealth*, 275 Va. 246, 251 (2008). "An officer who conducts a *Terry* pat-down search is justified in removing an item from a subject's pocket if the officer reasonably believes that the object might be a weapon." *Grandison v. Commonwealth*, 274 Va. 316, 319 (2007). Furthermore, "the removal of an item from a subject's pocket is also justified if the officer can identify the object as suspicious under the 'plain feel' variation of the plain view doctrine." *Id.* at 320.

> The "plain feel" doctrine comports with the traditional application of the Fourth Amendment because, when the character of the object felt by the officer is immediately apparent either as a weapon or some form of contraband, the object is for all practical purposes within the plain view of the officer.

*Cost*, 275 Va. at 252. Further, the Supreme Court of the United States has

> explained that when the identity of the object is immediately apparent to the officer conducting a legal pat-down search of a suspect "there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context."

*Id.* (quoting *Dickerson*, 508 U.S. at 375-76). "However, an item may not be retrieved under the plain view doctrine unless it is 'immediately apparent' to the officer that the item is evidence of a crime." *Grandison*, 274 Va. at 320. "It is not sufficient probable cause to seize an item from inside the suspect's clothing if the officer has no more than an educated 'hunch' based upon the 'plain feel' that the item might be contraband." *Cost*, 275 Va. at 252.

As a result, courts have routinely suppressed evidence collected during a pat-down search where the items had a facially legal purpose that prevented it from being immediately apparent that the items were contraband. *See, e.g.*, *id.* at 253-54 (finding that the capsules could serve a

legal purpose, the "character of the capsules seized from [the defendant's] pants pocket could not have been immediately apparent to [the officer] as a result of the pat-down search," the defendant did not appear to attempt to hide the evidence and his "movements and his failure to respond to the officer's questions [merely] supported a well-educated 'hunch,' but were insufficient to establish probable cause required to permit a warrantless seizure of the capsules"); *Murphy*, 264 Va. at 571 (finding that the mere feel of a plastic bag does not make it immediately apparent that the item was contraband, even when executing a "search warrant [that] authorized the police to search 'the entire residence' for 'marijuana, cocaine, cocaine base, heroin, scales, ledgers, logs, money, guns, phone bills, syringes and any other item that would be connected with the illegal sale and/or use of any other illegal narcotic or non-prescription drug'"); *Harris v. Commonwealth*, 241 Va. 146 (1991) (finding no probable cause to search for drugs existed because the officer discovered a facially innocent film canister and he had no particularized knowledge that it contained drugs or that drugs are commonly secreted in such containers).

The case at hand, however, deals with an item, a "meth bubble," that the officer instantly recognized and knew to have the purpose of "smoking illegal narcotics such as meth[amphetamine], cocaine, [and] crack." As drug paraphernalia without a facially apparent legal use, it is distinguishable from evidence that can serve a legal purpose as well as a common illegal one. Therefore, it is directly comparable to cases such as *Camden v. Commonwealth*, 17 Va. App. 725 (1994).[4] In *Camden*, the defendant consented to a pat down which resulted in an officer feeling a pipe that his knowledge and past experience allowed him to immediately

---

[4] *See also Commonwealth v. Gay*, No. 0131-01-1, slip op. at 3, 2001 Va. App. LEXIS 333, at *3-5 (June 11, 2001) (finding that where "[t]he officer immediately identified the object as a crack pipe, which the defendant concede[d] has no use except to consume crack cocaine . . . [,] [i]t was drug paraphernalia . . . [that was] subject to seizure and confiscation").

- 7 -

recognize as a device used to smoke marijuana.[5] *Id.* at 728. The "characteristics of [a] pipe and [the officer's] knowledge that such a device was used to smoke marijuana provided the officers with a reasonable basis to believe that [the defendant] possessed drugs." *Id.* As a result, this Court found that "the officers [had] probable cause to search him for drugs." *Id.* (determining that "[t]he fact that the pipe was of the type used for smoking marijuana distinguishe[d] [the] case from the situation in *Harris*[, 241 Va. 146,] in which no probable cause to search for drugs existed"). Similarly, in the case at hand, the characteristics of the item and the officer's knowledge that such an item is commonly used to smoke illegal narcotics made it immediately identifiable as a narcotic smoking device. Additionally, looking at the totality of the circumstances, the record also supports there being evidence of narcotic use from Perlamadrid's "actions . . . , some of the statements that he had made, the trailing thoughts, the erratic movements, the continually scratching his head," and the results of the vertical gaze nystagmus in Perlamadrid's eyes.[6] As a result, Officer Simpson had sufficient probable cause to seize an item suspected to be contraband and the circuit court did not err in denying the motion to suppress.

### III. CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[5] Possession of marijuana was illegal in the Commonwealth of Virginia at the time of *Camden*.

[6] Perlamadrid argues that the Commonwealth must prove the officer could tell from the sense of touch during the pat-down search that the item had been used for an illegal purpose. The officer is not required to know beyond a reasonable doubt that the item is contraband, but rather probable cause must exist to allow the search. *See Cost*, 275 Va. at 251. "Probable cause 'is not a high bar.'" *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)). It is not necessary that "the officer must be possessed of near certainty as to the seizable nature of the items." *Texas v. Brown*, 460 U.S. 730, 741 (1983).