COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, Lorish and Bernhard
Argued at Christiansburg, Virginia

**UNPUBLISHED**

TIFFANY ALICIA RODRIGUEZ

v.      Record No. 1707-24-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE STUART A. RAPHAEL
OCTOBER 28, 2025

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Frederick Watson, Judge

Rebecca Wetzel (Wetzel Legal, PLLC, on brief), for appellant.

J. Brady Hess, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Appealing her conviction for assault and battery of a law enforcement officer, Tiffany

Alicia Rodriguez challenges the sufficiency of the Commonwealth's evidence. She also claims

that the court erred by denying her motion to suppress, arguing that law enforcement illegally

entered her home. Finding no error, we affirm.

BACKGROUND[1]

Rodriguez and Timothy Lecolst married in January 2022 but had a difficult relationship.

On the evening of December 10, 2022, Lecolst and Rodriguez went out, began arguing, and

continued to argue when they got home. Lecolst packed a bag and left the house. Rodriguez

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] When considering the denial of a suppression motion, we take the evidence in the light most favorable to the Commonwealth, "afford[ing] it the benefit of all inferences fairly deducible from that evidence." *Williams v. Commonwealth*, 71 Va. App. 462, 474-75 (2020).

called him from her bedroom. She told him she was going to "blow [her] fucking brains out" and then fired a gun into a corner of her room before hanging up.

Lecolst called 911, relating those events and advising that there were firearms in the house. When officers arrived at the home, they met with Lecolst, who had returned and was standing outside. Lecolst recounted to police what he had told the 911 dispatcher.

Officers approached the house, knocked on the front door, and announced their presence. After more than a minute, Rodriguez opened the door. She was nude. Lynchburg Police Officer Nicholas Kirby testified that it was concerning that a person would come to the door naked in response to the police announcing themselves. Rodriguez said she had been asleep in bed. She confirmed her identity. The officers said they were there to check on her after receiving a report that she had shot herself. Rodriguez said she had not shot herself and refused to let them inside. The officers prevented Rodriguez from closing the door but asked if she could put some clothes on while they did a sweep of the home.

Rodriguez again refused to let them in. The officers then forced their way inside, handcuffed Rodriguez, and covered her in a blanket. One officer stood at the top of the stairs, holding Rodriguez, while other officers checked if anyone else was in the home. Rodriguez remained handcuffed and draped in the blanket. She argued with the officers, demanding to contact her lawyer and complaining that the police were violating her rights. She tried to move away from the officer holding her, calling him a racial slur. When a second officer grabbed her arm, Rodriguez said she "could knock [him] down those God damn steps." Rodriguez then used her knee and foot to kick the officer who was holding her, striking him twice. The officers wrestled Rodriguez to the ground and restrained her legs. The officer she kicked suffered no injuries.

Rodriguez was charged with assault and battery of a law enforcement officer. In her pretrial motion to suppress, Rodriguez asserted that "the warrantless entry into [her] residence was not supported by probable cause of criminal activity nor did it rise to the level of an emergency justifying a warrantless entry under the guise of the community caretaker doctrine." She argued that "due to the unlawful entry into [her] residence[,] the subsequent seizure of [her] person was tainted and therefore 'fruit of the poisonous tree,'" so her pending charge should be dismissed. Rodriguez claimed that the evidence to be suppressed included anything resulting from the officers' entry into the home, including her statements and actions leading to the underlying charge.

The trial court denied the motion, finding that the officers appropriately entered the residence because it appeared that immediate aid was necessary. The court reasoned that although Rodriguez had not shot herself, "a reasonable officer could have concluded that she was a real threat to do so."

At a bench trial six months later, the Commonwealth's evidence supported the facts set forth above. Rodriguez testified in her defense, apologizing for her behavior. She said she was scared and felt violated during the encounter. Rodriguez acknowledged that she threatened to push an officer down the steps. But she denied kicking him, insisting that she had only "made a kicking motion." (She now concedes on brief that she physically struck the officer.)

The trial court concluded that Rodriguez had threatened to harm the officers and "made contact" with the officer. While sympathizing that Rodriguez was "at a low point" at the time, the court found that the officers were acting within the scope of their duties during the encounter. The court convicted Rodriguez of assault and battery of a law enforcement officer and sentenced her to one year's incarceration with six months suspended.

Rodriguez timely appealed.

ANALYSIS

Rodriguez challenges the denial of her motion to suppress, arguing that the officers unlawfully entered her home without a warrant and that her conduct that followed should be excluded. Rodriguez also asserts that she was permitted to use reasonable force to resist an unlawful arrest by officers who were trespassing.

*A. The trial court properly denied Rodriguez's motion to suppress.*

On review of a trial court's denial of a motion to suppress, an "appellant bears the burden of establishing that reversible error occurred." *Williams v. Commonwealth*, 71 Va. App. 462, 474 (2020) (citing *Glenn v. Commonwealth*, 275 Va. 123, 130 (2008)). We defer to the trial court's factual findings and give appropriate weight to inferences drawn, but we must independently determine "whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." *Moore v. Commonwealth*, 69 Va. App. 30, 36 (2018). "On appeal, a 'defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review de novo.'" *Cole v. Commonwealth*, 294 Va. 342, 354 (2017) (quoting *Cost v. Commonwealth*, 275 Va. 246, 250 (2008)).

Still, the premise of Rodriguez's Fourth Amendment argument is fatally flawed. Even assuming for argument's sake that the officers' warrantless entry was unlawful, the exclusionary rule does not prohibit "testimony describing the defendant's own illegal actions following an unlawful search or seizure." *Brown v. City of Danville*, 44 Va. App. 586, 599 (2004). When, as here, the defendant commits "'new and distinct criminal acts' during an allegedly unlawful police encounter, 'the exclusionary rule does not apply, and evidence of the events constituting the new criminal activity, including testimony describing the defendant's own actions, is admissible.'" *Testa v. Commonwealth*, 55 Va. App. 275, 283 (2009) (quoting *Brown*, 44 Va. App. at 600); *see also United States v. Sprinkle*, 106 F.3d 613, 619 (4th Cir. 1997) (holding that the exclusionary rule

is inapplicable to "a new, distinct crime" occurring during an allegedly unlawful detention).  Thus, we find no error in the trial court's denial of her motion to suppress.

### B. Rodriguez defaulted her second assignment of error.

Claiming that the police were trespassers because their entry violated the Fourth Amendment, Rodriguez argues that she was permitted to use reasonable force to expel them from her home.  But since Rodriguez did not make this argument below, she cannot press it here.  Rule 5A:18.

Rodriguez claimed in the trial court that she did not have the requisite intent to harm the police officers.  She also argued that the facts did not support a felony conviction.  That is different from claiming, as she does now, that she was entitled to use reasonable force to resist arrest because the officers were trespassers.  An "argument asserted on appeal [must] be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).  A difference in semantics may be overlooked, but substantive differences, even subtle ones, cannot be.  *Hamad v. Hamad*, 61 Va. App. 593, 600 (2013).

Rodriguez's procedural default is not excused by the "good cause" or "ends of justice" exceptions in Rule 5A:18.  When, as here, those exceptions are not argued in the opening brief, they cannot be raised "for the first time" at oral argument, and we will not raise them sua sponte on the appellant's behalf.  *See Hammer v. Commonwealth*, 74 Va. App. 225, 237 (2022).

CONCLUSION

In short, we find no basis to disturb the conviction.

*Affirmed.*